PER CURIAM.
This is an appeal by a defendant Patricia Poliak Weiss, as Trustee [Weiss], from an adverse final judgment entered in an inter-pleader action arising out of the disposition of funds owed on a balloon payment mortgage note. The trial court awarded the interpleaded funds in dispute to the code-fendant Arthur H. Courshon, as Trustee [Courshon], on the ground that Courshon was the payee on the subject mortgage note. The defendant Weiss raises numerous points which, we conclude, do not present reversible error. We accordingly affirm.
First, we conclude that Cour-shon’s answer to the interpleader complaint properly asserted his claim to the inter-pleaded funds. Contrary to Weiss’ argument, (a) Courshon was not required to assert his claim by way of a cross claim against Weiss, and (b) Courshon’s answer was not vacated when the original plaintiff-interpleader was, by stipulation, discharged without prejudice to the defendants herein to pursue their respective claims against the interpleaded funds. Syms v. McRitchie, 187 F.2d 915 (5th Cir.1951); Drummond Title Co. v. Weinroth, 77 So.2d 606, 610 (Fla.1955); Bourne v. State Bank & Trust Co., 106 Fla. 46, 142 So. 810 (Fla.1932); Sammis v. L’Engle, 19 Fla. 800, 810 (1883); Azelton v. Finch, 390 So.2d 119, 120 (Fla. 4th DCA 1980).
Second, we conclude that the trial court properly allowed Courshon to amend his answer to conform to the evidence so as to affirmatively request payment of the interpleaded funds. Weiss’ various attacks on the propriety of this amendment have no merit because they proceed on the erroneous assumption that the amendment sought various partnership dissolution expenses. Courshon did not seek and was not awarded any partnership dissolution expenses in this interpleader proceeding.
Third, Weiss’ evidentiary complaints and sundry other attacks on the final judgment have no merit because they also proceed on the erroneous assumption that Courshon sought and recovered certain partnership dissolution expenses. Moreover, no reversible error is presented concerning the calculation of interest in this cause.
Finally, we conclude that Cour-shon established his claim to the interplead-ed funds. This is so because the plaintiff-interpleader’s sole obligation as to the in-terpleaded funds arose under the subject mortgage note, and, without dispute, the sole payee under the said note was Cour-shon. The trial court quite properly did not adjudicate Weiss’ cross claims against Courshon because (a) Weiss had a pending lawsuit against Courshon which raised the same claims, (b) Weiss, in effect, agreed at trial to withdraw such cross claims in favor of the aforesaid pending lawsuit, and (c) the final judgment reserves Weiss’ right to pursue this lawsuit.
Affirmed.