547 So.2d 224 (1989)
Linda May COLUCCI and Jane Gentile, Appellants,
v.
Alan E. GREENFIELD, Appellee.
No. 88-903.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Rehearing Denied September 1, 1989.
*225 Young, Stern & Tannenbaum, North Miami Beach, and Michael H. Wolf, Miami, Jane Gentile, pro se, for appellants.
Evan J. Langbein, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
Finding that the trial court was divested of jurisdiction by plaintiffs' voluntary dismissal of their cause of action, we reverse the Final Judgment entered subsequent to the voluntary dismissal.[1]Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla. 1986); Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA), cause dismissed, 528 So.2d 1182 (Fla.), review denied sub nom. Coldwell Banker-Klock Co. v. Freeman, 534 So.2d 398 (Fla.), appeal dismissed, 534 So.2d 400 (Fla. 1988); Marvella Assoc., Inc. v. Carney, 512 So.2d 1111 (Fla. 2d DCA 1987); Ambory v. Ambory, 442 So.2d 1087 (Fla. 2d DCA 1983); Gonzalez v. Mulreany, 375 So.2d 621 (Fla. 3d DCA 1979).
In addition, we hold that because intervention is "in subordination to, and in recognition of, the propriety of the main proceeding," Fla.R.Civ.P. 1.230, the trial court was precluded from adjudicating the intervenor's claim.[2]Cf. Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla. 1965); Krouse v. Palmer, 131 Fla. 444, 179 So. 762 (Fla. 1938).
Reversed and remanded for further proceedings consistent with this opinion.
SCHWARTZ, C.J., concurs.
HUBBART, Judge (dissenting)
I would affirm the final judgment appealed from in all respects on the ground that the appellants' main brief does not present any judicial issues for appellate review. It is a long, rambling brief under the single heading "statement"; it fails to "list[] the issues presented for review," as required by Fla.R.App.P. 9.210(b)(1), and contains no "[a]rgument with regard to each issue," as required by Fla.R.App.P. 9.210(b)(5), even when read liberally to account for the fact that the brief was filed by the appellants pro se. This being so, it is clear that the appellants have waived all points on appeal and the final judgment must be affirmed. Florida Ass'n of Nurse Anesthetists v. Department of Professional Regulation, Bd. of Dentistry, 500 So.2d 324, 327 (Fla. 1st DCA 1986), rev. denied, 509 So.2d 1117 (Fla. 1987); Indianapolis Morris Plan Corp. v. Portela, 364 So.2d 840, 841 (Fla. 3d DCA 1978); Florida First Nat'l Bank v. Dent, 350 So.2d 481, 483 (Fla. 1st DCA 1977).
I recognize that the appellants in their reply brief filed by counsel raise certain points on appeal which the court agrees *226 with in its opinion. It is well settled, however, that an appellate court cannot consider matters which are raised for the first time on appeal in an appellant's reply brief; the court is confined solely to the points on appeal raised in the appellant's main brief. Zerwal v. State Farm Mut. Auto. Ins. Co., 332 So.2d 645, 646 (Fla. 3d DCA 1976); St. Regis Paper Co. v. Hill, 198 So.2d 365, 366 (Fla. 1st DCA 1967); Pursell v. Sumter Elec. Coop., Inc., 169 So.2d 515, 518 n. 2 (Fla. 2d DCA 1964).
Nor do I think errors relied on by the court are so blatant that we should notice them on our own, even in the absence of a proper point on appeal. None of the authorities cited in the court's opinion hold that a trial court has no jurisdiction to entertain an intervenor's complaint when, as here, the plaintiff voluntarily dismisses the main action. The point is therefore far from settled and we overreach our authority, I think, by noticing such an alleged error on our own.
NOTES
[1] The law is well-settled that the trial court's subject matter jurisdiction may be raised at any time. Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954); City of Miami v. Cosgrove, 516 So.2d 1125 (Fla. 3d DCA 1987); Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986); Stel-Den of America, Inc. v. Roof Structures, Inc., 438 So.2d 882 (Fla. 4th DCA 1983), review denied, 450 So.2d 488 (Fla. 1984); Swebilius v. Florida Constr. Indus. Licensing Bd., 365 So.2d 1069 (Fla. 1st DCA 1979); Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA), cert. denied, 284 So.2d 396 (Fla. 1973); Walton v. Walton, 181 So.2d 715 (Fla. 2d DCA 1966); Hadley v. Hadley, 140 So.2d 326 (Fla. 3d DCA 1962); Mendez v. Ortega, 134 So.2d 247 (Fla. 3d DCA 1961); Pittman v. Roberts, 122 So.2d 333 (Fla. 2d DCA 1960); Florio v. State, 119 So.2d 305 (Fla. 2d DCA 1960); In re Coleman's Estate, 103 So.2d 237 (Fla. 2d DCA 1958); In re Weiss' Estate, 102 So.2d 154 (Fla. 3d DCA), cert. discharged, 106 So.2d 411 (Fla. 1958); Fla. R.Civ.P. 1.140(h)(2).
[2] We note that the "intervenor's" failure to obtain permission to intervene, Fla.R.Civ.P. 1.230, renders the intervention proceeding questionable.