595 So.2d 1035 (1992)
Patricia Pollak WEISS and Thomas Pollak, Appellants,
v.
TRUST UNDER the WILL OF Albert POLLAK and Phyllis Pollak Berkett, and Courshon & Courshon and Bloom, and Its Successor Courshon & Courshon, Partnerships and Arthur H. Courshon, Esq., Jack R. Courshon, Esq., and Simon H. Bloom, Jr., Esq., Appellees.
Nos. 91-1547, 91-1471.
District Court of Appeal of Florida, Third District.
March 10, 1992.
Rehearing Denied April 28, 1992.
*1036 Patricia Pollak Weiss and Thomas A. Pollak, in pro. per.
Steel, Hector & Davis and Denise B. Crockett and Alvin B. Davis, Miami, for Arthur H. Courshon, Jack R. Courshon, Courshon & Courshon and Bloom, and its successor Courshon & Courshon and Simon H. Bloom.
Jonathan C. Oster, Coral Gables, Broad and Cassel and Michael A. Dribin, Miami, for Phyllis Pollak Berkett.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellants, beneficiaries of a trust, appeal from orders assessing $1,500 in costs as sanctions and appointing a commissioner to conduct evidentiary hearings in contested estate matters. We affirm the order imposing sanctions. The trial court properly assessed costs against the appellants for a scurrilous attack on the commissioner which was factually unwarranted and made in bad faith. See The Florida Bar, In re Shimek, 284 So.2d 686 (Fla. 1973).
The appeal on the merits is dismissed because the appellants made no motion to intervene, see Bay Park Towers Condo. Ass'n, Inc. v. H.J. Ross & Assocs., 503 So.2d 1333 (Fla. 3d DCA 1987), and have not demonstrated by the pleadings that they otherwise have standing. Compare Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981)(unnamed party whose rights are directly and injuriously affected may move, in that action, to set aside fraudulent judgment). This dismissal on the merits, however, does not preclude an independent action based on fraud by the trustee or other parties.
Affirmed in part and dismissed in part accordingly.