COPE, Judge.
Layne H. Sragowicz appeals an order holding that the trial court has jurisdiction to entertain the grandparents’ petition for visitation rights. We treat the appeal as a petition for a writ of prohibition, and grant the petition.
The wife, Layne Sragowicz, petitioned for dissolution of marriage against the husband, Moisés Sragowicz. The husband’s parents, Leon and Mina Sragowicz, moved to intervene in order to establish grandparents’ visitation rights pursuant to section 61.13(2)(b)(2)(c), Florida Statutes (1991), and the motion to intervene was granted. Four months later, the wife voluntarily dismissed her dissolution action.
The question presented is whether the trial court has jurisdiction over the grandparents’ petition for visitation rights under section 61.13 after the underlying dissolution proceeding is voluntarily dismissed. The trial court ruled that it had jurisdiction. We disagree.
The principal enactment regarding grandparents’ visitation rights is chapter 752, Florida Statutes (1991). Grandparents may file an independent petition to establish visitation rights where one or both of the child’s parents are deceased; where the parents’ marriage has been dissolved; where a parent has deserted the child; and where a child has been born out of wedlock. Id. § 752.01(f).[1] In each of the four enumerated situations, there is no intact family unit in the ordinary sense. Under those circumstances, the courts are authorized to take action to establish grandparents’ visitation rights.
The other enactment relating to grandparents’ visitation rights is section 61.13, Florida Statutes (1991). Where an action for dissolution of marriage has been brought, section 61.13 allows the grandparents to request establishment of grandparents’ visitation rights. The trial court is authorized to determine the grandparents’ visitation rights during the dissolution of marriage proceeding.
Notably absent from the statutory scheme is any general authorization for grandparents to seek to establish visitation rights where there is an existing marriage and no dissolution proceedings are pending.[2] Under such circumstances, the legis-. lature considers that the rights of the parents are paramount, and the parents will make the decisions regarding family matters — including the nature and extent of contact with relatives. See generally Michael J. Minerva, Jr., Comment, Grandparent Visitation: The Parental Privacy Right to Raise Their “Bundle of Joy”, 18 Fla.St.U.L.Rev. 533 (1991).
We conclude that a grandparental visitation petition under section 61.13 is subordinate to the main proceeding for dissolution of the parties’ marriage. This follows from the underlying logic of the statutory scheme and from the statutory language in *1325 section 61.13(2)(b)(2)(c), which prescribes a very restricted role for grandparents in the main dissolution action.
When the wife voluntarily dismissed her dissolution action, the trial court lost jurisdiction over the pending petition for establishment of grandparental visitation rights. See Colucci v. Greenfield, 547 So.2d 224, 225 (Fla. 3d DCA 1989). The effect is to return the grandparents to the situation that existed prior to the filing of the dissolution action.[3]
We are mindful of the important role that grandparents play in the lives of grandchildren, a role which is given recognition in chapter 752 and section 61.13. However, countervailing public policy considerations dictate that the State exercise restraint before intervening in the parents’ decision-making regarding their own children. The legislature has chosen to give the courts authority to act on grandparen-tal visitation petitions where there is no intact family unit, or where the parties are in dissolution proceedings. The legislature has withheld such authority where there is an intact family unit and there is no pending petition for dissolution of marriage. The trial court was without jurisdiction once the action for dissolution of marriage was voluntarily dismissed.
Prohibition granted.
BASKIN, J., concurs.

. The grandparents continue to have these rights even if there is a later remarriage of one of the natural parents. Id. § 752.07.

. The limited exception is grandparents’ carryover rights, id. § 752.07, where one of the circumstances in section 752.01 already occurred in a prior marriage. See supra note 1.

. In such circumstances, the grandparents’ remedy is to arrange visitation through one or both parents. Judicial intervention is not authorized.
The grandparents’ counsel has represented to this court that during the pendency of appellate proceedings here, the wife has refiled her petition for dissolution of marriage. If that is so, then the grandparents have the additional remedy of moving to intervene in that proceeding. However, the trial court has no jurisdiction to continue with the present proceeding which has been voluntarily dismissed.