618 So.2d 255 (1993)
Patricia Ann Pollak WEISS and Thomas Pollak, Appellants,
v.
Arthur H. COURSHON, Jack Courshon, and Phyllis Pollak Berkett, Appellees.
No. 92-1843.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Rehearing Denied June 8, 1993.
*256 Patricia Ann Pollak Weiss, and Thomas Pollak, in pro. per.
Steel Hector & Davis, Alvin B. Davis and Denise B. Crockett, P.A., Miami, for appellees Arthur and Jack Courshon.
Jonathan C. Oster, Broad & Cassel and Michael A. Dribin, Miami, for appellee Phyllis Pollak Berkett.
Before SCHWARTZ, C.J., and FERGUSON and COPE, JJ.
COPE, Judge.
Patricia Pollak Weiss and Thomas Pollak appeal from an order dismissing an action with prejudice. We reverse.
This case was filed in the probate division of the Dade County Circuit Court in 1985 by Weiss when she was successor interim trustee of her late father's trusts. Weiss sued former trustees Arthur and Jack Courshon for an accounting and for breach of trust and fiduciary duty. The suit was brought on behalf of the trusts and the trust beneficiaries. Apparently unsure of the correct division in which to file the suit, Weiss filed an essentially identical suit in the general jurisdiction division of the circuit court.[1] The suit filed in the probate division remained inactive, while the suit filed in the general jurisdiction division proceeded forward.
Weiss was subsequently replaced as trustee by her mother Phyllis Pollak Berkett. Berkett sought to discontinue the general jurisdiction case on the ground that the trust could not financially afford to proceed with litigation. Berkett sought court approval by filing a motion to dismiss the action with prejudice. The trial court referred the motion to a commissioner for a report and recommendation. The commissioner heard argument on the motion. Although not parties to the suit, Weiss and appellant Thomas Pollak, her brother, both of whom are beneficiaries, submitted a memorandum opposing dismissal.
The commissioner recommended granting the motion. The commissioner found that Berkett's decision to dismiss on economic grounds was supported by three of the five beneficiaries. The commissioner noted, however, that "[n]o right that any beneficiary may have to assert a claim against the current or former trustee is affected by these dismissals, except as may be limited or precluded by applicable law." (Emphasis added).
The trial court adopted the commissioner's report and recommendation and dismissed the suit with prejudice. The order stated, in addition, "The Court has determined that Ms. Weiss and Mr. Pollak are not parties to either of the two cases addressed in the Motion to Dismiss and in the Commissioner's Report and Recommendation and accordingly had no standing to take part in or control the proceedings." (Emphasis added). Weiss and Pollak appealed *257 the dismissal to this court, which ruled they were not parties below:
The appeal on the merits is dismissed because the appellants made no motion to intervene, [citation omitted] and have not demonstrated by the pleadings that they otherwise have standing. [Citation omitted].
Weiss v. Trust Under the Will of Albert Pollak, 595 So.2d 1035, 1036 (Fla. 3d DCA), review denied, 606 So.2d 1167 (Fla. 1992).
Meanwhile the action in the probate division remained pending. Weiss and Pollak moved to intervene in the probate action. They were allowed to intervene in their capacity as beneficiaries under the trust.
In the probate action, as in the general jurisdiction action, Berkett as successor trustee had been substituted as plaintiff. Berkett and the defendant Courshons each filed a motion to dismiss the action with prejudice on the basis of res judicata. They argued that the two actions had the identical parties and the identical claims, and that the ruling in the general jurisdiction action barred the probate action. The trial court agreed and entered an order dismissing the probate action with prejudice. Weiss and Pollak appeal, claiming they are not barred from pursuing their claims as trust beneficiaries. We agree and reverse.
The order dismissing the general jurisdiction action explicitly preserved the rights of the beneficiaries to assert claims against the current or former trustees. The prior order also noted that Weiss and Pollak were not parties to the general jurisdiction action. Clearly the order in the general jurisdiction case was not intended to have preclusive effect with respect to the beneficiaries' individual claims. See Restatement (Second) of Judgments § 26(1)(b) (1982).
Each trust beneficiary has an enforceable right to an accounting from a trustee. § 737.303(4), Fla. Stat. (1991); George T. Bogert, The Law of Trusts and Trustees § 861, at 8 (Rev. 2nd ed. 1982). The present suit has been brought against predecessor trustees and seeks an accounting.
A trust beneficiary also may sue a trustee for breach of trust:
For a breach of trust the trustee may be directed by chancery to make a payment of damages to the beneficiary out of the trustee's own funds, either in a suit brought for that purpose or on an accounting where the trustee is surcharged beyond the amount of his admitted liability.
Thus, the making of unauthorized payments to other beneficiaries, the conversion of the trust property, negligence in recording instruments affecting the trust property, or in obtaining security, or in collecting the trust property, or in the retention of property until it is worthless, wrongful sale of trust property, or negligence or misconduct in the making or retaining of investments, may give rise to a right in favor of beneficiaries to recover money damages from the trustee. Where the trustee is financially responsible this affords a remedy which is usually complete and satisfactory.
George T. Bogert, The Law of Trusts and Trustees § 861, at 27-31 (footnotes omitted). Count II of the present lawsuit asserts a claim against the former trustees for breach of trust under chapter 737, Florida Statutes, while Counts III and IV assert claims for civil theft and conversion of trust property.
Because all of the pending claims are claims which a trust beneficiary individually can assert against a trustee, and because the order in the general jurisdiction case preserved the beneficiaries' individual claims, it follows that there is no res judicata bar to the assertion of Weiss' and Polak's claims.
The appellees argue, however, that the order dismissing Berkett's claims as successor trustee automatically requires dismissal of the entire action and that the intervenors' claims cannot remain pending. We disagree.
The lawsuit below was originally filed by Weiss as interim successor trustee against *258 the Courshons, former trustees. The suit was brought on behalf of the trusts and the trust beneficiaries. Berkett thereafter replaced Weiss as trustee, and succeeded to the position of plaintiff in the action below.
Berkett individually and as trustee entered into a settlement agreement with the Courshons. Pursuant to that agreement, Berkett agreed to discontinue the actions against the Courshons. Berkett and the Courshons reserved certain rights against Weiss.
When it became clear that Berkett desired to discontinue the actions against the Courshons, plainly each beneficiary was entitled to make his or her own decision about whether his or her individual claims should be discontinued or pursued. The main action had been pending for a number of years, and substantial issues of laches would come into play if any beneficiary was required to initiate a new action. Accordingly, it was entirely appropriate that Weiss and Pollak moved to intervene in order to pursue and preserve their own claims, and equally appropriate for the trial court to grant the motion.
The appellees argue, however, that dismissal of the entire action is required by this court's decision in Colucci v. Greenfield, 547 So.2d 224 (Fla. 3d DCA 1989). We disagree. The Colucci decision deals with the legal effect of a voluntary dismissal by plaintiff pursuant to Florida Rule of Civil Procedure 1.420(a)(1). Although not set forth in the opinion, a review of this court's file in Colucci reveals that after plaintiff filed the action, intervenor Greenfield filed a complaint in intervention. However, Greenfield did not file a motion for leave to intervene and, a fortiori, there was no order allowing him to intervene. The original plaintiff voluntarily dismissed the action. On those facts this court concluded that the original plaintiff had had the right to dismiss the entire action and that the court was divested of jurisdiction to proceed further.
The present case, of course, does not involve a voluntary dismissal but instead involves motions to dismiss filed by Berkett and the Courshons. Unlike the situation in Colucci, here Weiss and Pollak had moved to intervene and the motion had been granted. They were intervening plaintiffs who were asserting affirmative claims for relief. Under such circumstances, dismissal of Berkett's claims, voluntarily or by motion, does not deprive the court of jurisdiction to proceed with the claims of Weiss and Pollak.
The appellees argue, however, that dismissal of the intervenors' claims is required because, by the terms of Florida Rule of Civil Procedure 1.230, the intervention is in subordination to the main proceeding. They contend that if Berkett's claim is dismissed, then the intervenor's claims must be dismissed as well. Again, we disagree.
Rule 1.230 allows intervention to occur at any time. The rule provides that "the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." The rule simply means that the intervenor takes the case as he or she finds it, unless the court orders otherwise. It does not mean that dismissal of Berkett's claim ousts the court of jurisdiction or requires dismissal of the claims of intervenors Weiss and Pollak.[2]
We therefore conclude that the claims of Weiss and Pollak were not barred by the doctrine of res judicata. The order under review is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] The remedy for filing in the wrong division is transfer to the correct division, rather than dismissal.
[2] The appellees point out that in Colucci Rule 1.230 was cited as a basis supporting the dismissal of the intervenor's claim. On the facts of that case, however, the intervenor had neither filed a motion to intervene nor procured an order allowing intervention. In that limited circumstance, the citation to Rule 1.230 is merely another way of saying that a voluntary dismissal of the entire action deprives the court of a jurisdictional basis on which to entertain the intervenor's claims.