PER CURIAM.
Patricia Ann Poliak Weiss and Thomas Poliak appeal an adverse summary final judgment. We affirm.
We entirely agree with the judgment entered by circuit judge Sidney B. Shapiro, which states:
Plaintiffs, Patricia Ann Poliak Weiss (Weiss) and Thomas Poliak (Poliak), brought suit against the Courshons for an accounting and for breach of fiduciary duties stemming from the Courshons’ service as Trustees of three related Family Trusts created by the Decedent, Albert Poliak. The Courshons had served as Trustees of the Trusts from their inception in the 1960s until May 31, 1983, when, by agreement, they resigned. At the time of their resignation, Weiss and Poliak executed a series of general releases which released the Courshons from any and all claims arising from the Courshons actions as Trustees. The releases were executed following extensive review and disclosure of trust records by Weiss and Pol-iak. Additionally, during 1983, Weiss and Poliak were provided with annual and final accountings by the Courshons.
Following the Courshons’ resignation, a bank took over as Successor Trustee. The bank, however, withdrew in 1984 after continued pressure by Weiss. At that time, Weiss was appointed as the second Successor Trustee, however, due to her inability to amicably serve on behalf of the beneficiaries, Weiss, herself, was forced to resign in 1989. At present, Weiss’ mother, Phyllis Poliak Berkett (Berkett), is serving as Successor Interim Trustee.
When Berkett assumed the duties as Trustee, she dismissed all pending lawsuits filed by Weiss in her capacity as trustee with the exception of the instant action. Berkett’s failure to dismiss the instant suit was deemed an oversight.[1]
The heart of the lawsuit sub judice was what Weiss and Poliak alleged to be the Courshons’ failure to disclose the existence of a pending action — Williford & Co. v. Farkas, Case No. 81-9601-CA-23 (Fla. 11th Cir.Ct.) — against the Trusts at the time that Weiss and Poliak executed the general releases. Additionally, Weiss and Poliak contended that any payments made in connection with the Williford suit were not disclosed prior to the signing of the releases. The alleged violations of the Cour-shons’ fiduciary duties stemmed from this purported lack of disclosure.
In 1986, after years of personal attacks, the Courshons filed suit in federal court against Weiss, Poliak, Berkett and the two other trust beneficiaries, alleging, inter alia, defamation, breach of the general releases and conspiracy. During a twelve day jury trial (Case No. 86-0394-Civ-HOEVELER), extensive argument, testimony and evidence were presented covering the pivotal issues of the validity of the releases as well as the defense of non-disclosure of the Willi-ford suit prior to execution of the releases and the alleged failure of the Cour- *4 shons to include the Williford suit and the payments connected therewith in their final accounting.
Weiss and Pollack based their defense to the Courshons’ breach of release count on the alleged non-disclosure of the Williford lawsuit. The federal court specifically allowed Weiss and Poliak the opportunity to fully present and argue this point to the jury as well as their other affirmative defenses to the extent such defenses remained in the pleadings.[2] Although Weiss and Poliak chose not to put on a case-in-chief, they thoroughly and completely testified as to their alleged lack of knowledge of the Williford suit, along with the alleged failure of the Courshons to provide them with a sufficient accounting. Furthermore, Weiss and Pol-iak brought home these specific points in closing.
At the conclusion of the Courshons’ case, Weiss and Poliak moved for directed verdict on the breach of release count. The court determined that their defense of non-disclosure was a jury issue. Following deliberations, the jury returned a special verdict in favor of the Courshons on all counts.
Weiss and Poliak appealed the jury’s verdict which awarded $650,000 in compensatory damages and $2 million in punitive damages. The decision was affirmed by the Eleventh Circuit (with the exception of the punitive damage award which was reduced), and the United States Supreme Court denied the Petition for Writ of Certiorari filed by Weiss and Poliak. Accordingly, the validity of the general releases was conclusively litigated and determined and said releases now act to bar all Plaintiffs’ pending claims.
Based on the foregoing, this Court finds that as Weiss and Poliak are raising the same claims in the instant action as were raised and fully litigated in the federal court action, under the doctrine of collateral estoppel the Courshons are entitled to judgment as a matter of law. Further, as all issues were already decided in the federal court action, it is apodictic that there can remain no disputed issues of material fact.
“Collateral estoppel, also known as es-toppel by judgment, serves as a bar to relitigation of an issue which has already been determined by a valid judgment.” Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995). “The essential elements of collateral estoppel are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.” Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977) and All Pro Sports Camp, Inc. v. Walt Disney Co., 727 So.2d 363 (Fla. 5th DCA). Furthermore, collateral estoppel applies to bar relitigation of issues raised in a first suit by way of a defense. See, Carson v. Gibson, 638 So.2d 79, 81 (Fla. 2d DCA 1994) (“The adverse resolution of the affirmative defenses in the first action created an estoppel by judgment in this case.”).
Accordingly, this Court finds and concludes that as the parties to the federal action were the same as those currently before this Court, that as the issues litigated therein were the same as are pending before this Court, and that as said issues culminated in a valid and binding judgment from a court of competent jurisdiction, the Plaintiffs, Weiss and Poliak, are estopped from bringing their pending claims in this Court.
We adopt Judge Shapiro’s opinion as our own.
For the first time on appeal, Weiss and Poliak ask this court to determine that the federal court did not have jurisdiction to adjudicate the validity of the releases. *5 Weiss and Poliak point out that “a federal court has no jurisdiction to probate a will or administer an estate,” Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946), and that under this “probate exception” a federal court may not “interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.” Id.; see Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666, 672 (11th Cir.1991) (noting that “the probate exception is an exception to diversity jurisdiction....”). Weiss and Poliak contend that the question whether they were fraudulently induced to execute the releases falls within the probate exception. They say that the federal court ruling on the issue of fraudulent inducement must be disregarded, and that they may proceed with their claim in the probate court.
Assuming for purposes of discussion that this issue is properly before us, we see no merit in this argument. The probate exception is a narrow one. See Glickstein, 922 F.2d at 672-73. In the federal court proceeding, this was a garden variety contract claim (based on the releases) by the Courshons, and a fraudulent inducement defense raised by Weiss and Poliak. We do not see that the adjudication of those claims fell within the probate exception and reject the argument on this point. See Markham; Glickstein; Michigan Tech Fund v. Century National Bank, 680 F.2d 736, 738-41 (11th Cir.1982); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper Federal Practice and Procedure: Jurisdiction 2d § 3610 (1984).
Affirmed.

. Weiss originally filed this suit against the Courshons in 1985 in her capacity as Successor Trustee. This suit was dismissed by the Probate Division of the Court, but Weiss had also filed the identical suit in the General Jurisdiction Division. After Berkett took over as Successor Interim Trustee, she dismissed the General Jurisdiction action, and Weiss, thereafter, appealed said dismissal to the Third District Court of Appeal. The Third District denied Weiss' appeal. The Probate Division held that the dismissal of the General Jurisdiction action was res judicata as to the Probate action. Weiss appealed and this time the Third District held that while the dismissal of the General Jurisdiction action barred Weiss from bringing any claims she may have had as trustee, she was not barred from pursuing her claims as a trust beneficiary. [See Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993).] Accordingly, Weiss and Poliak are maintaining the Probate Division action in their individual capacities as beneficiaries.

. At trial, the federal court determined that Plaintiffs did not have sufficient evidence to go forward on their affirmative defense of fraud.