PER CURIAM.
Patricia Pollack Weiss, the defendant below, appeals from an order requiring her to provide a detailed trust accounting for the year 1989. For the following reasons, we quash the order under review.
After Berkett, the plaintiff below, filed suit for discharge of Weiss, the defendant below, as trustee of several testamentary trusts, Weiss and Berkett entered into a settlement agreement. Under this 1989 open-court settlement agreement, Berkett was to assume the trusteeship immediately. Weiss was to transfer all the trust records within her possession to Berkett within ten days and to send releases to any attorneys or accountants with trust records, putting them on notice that Weiss relinquished the right to access any documents. Weiss complied by transferring all the records to Berkett and sending the releases.
In 1991, Berkett filed suit against Weiss for, among other things, an accounting. After a trial, the court entered an order requiring Weiss to prepare a detailed accounting. This appeal follows.
We reverse because Berkett waived any right to an accounting in 1989. See Fla. Stat. 737.303(4)(d). The transcript of the 1989 settlement hearing, signed by both parties, shows that Berkett chose to take immediate possession of the documents rather than have Weiss perform an accounting.[1] At that time, Berk-ett clearly did not expect Weiss to perform an accounting, as the agreement required Weiss to transfer every scrap of paper within 10 days (although Berkett said she wanted the records sooner), rendering it impossible for Weiss to perform an accounting.
Even if Berkett had not effectively waived any right to an accounting, the order must be quashed because Berkett has already had her own accountant perform an accounting for the year 1989. To require Weiss to perform an accounting is, therefore, redundant, superfluous, and futile. See, e.g., Plaza v. State, 699 So.2d 289 (Fla. 3d DCA 1997). In addition, because Weiss does not have possession of the records which she would need to perform an accounting, the lower court erro *1250 neously ordered Weiss to perform an impossible act. See U-M Publishing, Inc. v. Home News Publishing Co., 279 So.2d 379 (Fla. 3d DCA 1973)(holding that the trial court erred in ordering defendant to do an impossible act).
The order under review is quashed and the cause is remanded for further proceedings not inconsistent with this opinion.

. In 1989, the standards for a fiduciary accounting under the probate rules were suggested, not mandatory. See Fla. Prob. R. 5.346(b) (1989) ("The following standards are suggested but not mandatory.”).