907 So.2d 1181 (2005)
Patricia Pollak WEISS, Appellant,
v.
Phyllis Pollak BERKETT, As the Successor Interim Trustee of The Trusts Under the Will of Albert Pollak, Deceased, and The Albert Pollak Inter Vivos Trust, Appellees.
Nos. 3D04-391, 3D03-2652.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Rehearing and Rehearing Denied August 17, 2005.
Patricia Pollak Weiss (New York), in proper person.
Hirschhorn & Bieber, P.A., and Joel Hirschhorn, and Brian H. Bieber (Miami), for appellees.
Before COPE, GREEN, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied August 17, 2005.
GREEN, J.
The appellant, Patricia Pollak Weiss, appeals from an order denying both her "Motion *1182 for Reconsideration pursuant to Fla. Stat. 38.10 and Rule 2.160(h) of the Judicial Administration Rules" and her "Motion to Vacate Surcharge Judgment and Order Granting (Motion for) Partial Summary against Patricia Pollak Weiss pursuant to Fla. R. Civ. P. 1.540." For the following reasons, we affirm.
The history of this case is considerable. Berkett, the successor interim trustee, brought an adversary proceeding in probate against the appellant, Weiss, a former trustee. Berkett's action sought an accounting and a surcharge. Weiss counterclaimed, alleging that Berkett breached an indemnification agreement (Counts I & II), a fiduciary duty (Count III), committed fraud (Count IV) and breach of trust (Count V). A trial was held on September 20-21, 2000, and October 15, 2001. On November 8, 2001, the trial court granted Berkett's motion for partial summary judgment on Counts, I, II, IV and V of Weiss's counterclaim. On February 8, 2002, the trial court granted the motion for surcharge against Weiss, and awarded Berkett $1,693,181.73.
Weiss appealed the order granting the surcharge. The court affirmed Berkett's concession of error with regard to the amount of the surcharge. Weiss v. Berkett, 835 So.2d 283 (Fla. 3d DCA 2002). Specifically, we held:
[a]fter a thorough review of the record and the applicable law, we find no reversible error in the proceedings below. We do, however, accept appellee's concession of error with regard to the computation of the amount surcharged and remand for the sole purpose of correcting the judgment to reflect the amount of the surcharge as $1,676,377.73.
Id. (emphasis added).
Before we released our opinion, Weiss filed a motion for disqualification of the trial judge. On April 17, 2002, this court granted Weiss' petition for writ of prohibition based upon our determination that the verified motion for disqualification was legally sufficient and timely. In re Pollak, 816 So.2d 1142 (Fla. 3d DCA 2002).[1] The trial judge recused herself on October 23, 2002.
On December 2, 2002, Weiss filed, in the trial court, a motion for reconsideration of the prior rulings of the recused judge pursuant to Florida Rule of Judicial Administration 2.160(h).[2] On March 12, 2003, Weiss filed a motion to vacate the surcharge judgment and the partial summary judgment pursuant to Florida Rule of Civil Procedure 1.540(b).[3] These motions asked the successor trial court Judge to reconsider the partial summary judgment and surcharge *1183 entered against Weiss. The court informed the parties that these motions would be considered without an evidentiary hearing.
On September 3, 2003, the trial court, pursuant to this court's mandate, reduced the amount of the surcharge to $1,676,377.73, and entered an amended surcharge judgment. Ultimately, the trial court also denied Weiss's motions for reconsideration and to vacate. Weiss's appeal from this denial is the order under review before us now.
We find that the trial court properly denied both of Weiss's motions, as they were untimely filed. Rule 2.160(h) provides that prior rulings of a disqualified judge may be reconsidered and vacated (or amended) by a successor judge if a motion for reconsideration is filed within twenty (20) days of the order of disqualification. Here, the trial judge recused herself on October 23, 2002, and the motion for reconsideration was not filed until December 2, 2002. This is well beyond the acceptable time prescribed by the Rule.
Similarly, the orders granting Berkett entitlement to a surcharge and partial summary judgment were issued February 8, 2002, and November 8, 2001, respectively. The motion to vacate was filed, by Weiss, March 12, 2003, clearly beyond the one-year limitation period prescribed by rule 1.540. The mere fact that an appeal was taken from the judgment did not toll this one-year time frame. See Seven-Up Bottling Co. of Miami, Inc. v. George Constr. Corp., 153 So.2d 11, 12-13 (Fla. 3d DCA 1963) (holding that the filing of an appeal does not toll one-year limitation for filing motion to vacate judgment). Accordingly, we affirm the denial of Weiss's motions.
However, based on Berkett's counsel's generous concession of error at oral argument, we remand this case to the trial court for the sole purpose of reducing the amount of the surcharge judgment to Berkett's concession of $572,526.87.
Affirmed and remanded with directions.
COPE, J., concurs.
SHEPHERD, J. (concurring in part and dissenting in part).
I agree in all respects with the analysis and conclusion of my esteemed colleagues that the denial of the motions under review must be affirmed on appeal. However, I respectfully disagree with the reduction of the surcharge to $572,526.87.
This is Weiss' fifteenth appearance before us  thirteen pro se  in approximately twenty-five years[4] concerning two trusts *1184 created by her father, Albert Pollak, who passed away in 1962, leaving considerable assets for the benefit his widow, the Appellee here, and their four children, including Appellant. Being a good businessman, Mr. Pollak chose two well-respected lawyers and community leaders, Arthur and Jack Courshon, as the trustees of the trusts. In 1983, the Courshons were replaced by Coconut Grove Bank, and one year later, by Appellant Weiss herself, who by then had obtained a law degree[5] and was in no small part the instigator of the second, if not also the first, change.
When Appellant Weiss replaced the Bank in 1984 as trustee, there was the then tidy sum of $1,250,000 in the trusts. By the time that Weiss was forced to resign on December 30, 1989, there was only $8,700 left. Weiss had mismanaged, plundered[6] and litigated into bankruptcy the assets left by Albert for the future of his widow and children. Hence, the enormous surcharge against her.
From all that can be gathered on the record before us, the request for a further reduction of the surcharge is being made by Appellee in a last bid to buy peace with her daughter, Patricia.[7] If Patricia's 25-year history of disrespect for her mother and siblings as briefly chronicled here is any indicator, I have my doubts about whether implementation of counsel's offer will foster the mother's desire; but in the refrain of a popular lyric from the past, "that is not for me to say." A full affirmance is what is legally required, and I would so rule. In my opinion, the interpersonal issues between the family members are for another forum.
NOTES
[1] In a separate but related case, Weiss also moved for disqualification of the trial judge. We held that this motion for disqualification should have been granted. Weiss v. Berkett, 827 So.2d 383 (Fla. 3d DCA 2002).
[2] This Rule provides in pertinent part:

(h) Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
[3] This Rule provides in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party of a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
[4] See Weiss v. Courshon, 522 So.2d 401 (Fla. 3d DCA 1987); Weiss v. Courshon, 541 So.2d 1352 (Fla. 3d DCA 1989); Weiss v. Trust Under Will of Pollak, 595 So.2d 1035 (Fla. 3d DCA 1992); Weiss v. Berkett, 600 So.2d 1121 (Fla. 3d DCA 1992); Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993); Weiss v. Courshon, 627 So.2d 604 (Fla. 3d DCA 1993); Weiss v. Courshon, 768 So.2d 2 (Fla. 3d DCA 2000); Weiss v. Berkett, 785 So.2d 1248 (Fla. 3d DCA 2001); In re Pollak, 816 So.2d 1142 (Fla. 3d DCA 2002); Weiss v. Berkett, 827 So.2d 383 (Fla. 3d DCA 2002); Weiss v. Berkett, 835 So.2d 283 (Fla. 3d DCA 2002), reh'g denied en banc (Jan. 31, 2003), rev. denied, 851 So.2d 730 (Fla.2003), cert. denied, 540 U.S. 1110, 124 S.Ct. 1078, 157 L.Ed.2d 898 (2004); Weiss v. Berkett, 831 So.2d 194 (Fla. 3d DCA 2002); Pollak v. Berkett, 845 So.2d 204 (Fla. 3d DCA 2003). Weiss v. Berkett, 883 So.2d 299 (Fla. 3d DCA 2004), and Weiss v. Berkett, Case No. 3D03-2652, which was consolidated with this case (Weiss v. Berkett, Case No. 3D04-391).
[5] Appellant is a member of the State Bar of New York.
[6] In 1986 alone, Weiss took $354,364.47 from the trusts for her own personal benefit. During the five years that she was trustee of the trusts, she also paid herself tens of thousands of dollars in trustees' fees without authorization, and used trust assets to purchase numerous items for herself.
[7] Appellee has advised us that the mother has to date not sought to execute against her daughter on the surcharge.