990 So.2d 611 (2008)
Patricia Pollak WEISS, Appellant,
v.
The ESTATE OF Arthur COURSHON, et al., Appellees.
No. 3D08-463.
District Court of Appeal of Florida, Third District.
August 27, 2008.
*612 Patricia Pollak Weiss, in proper person.
Squire, Sanders & Dempsey, and Alvin B. Davis, Miami; Allan M. Glaser, Miami, for appellees.
Before WELLS, SUAREZ, and SALTER, JJ.
SALTER, J.
Patricia Pollak Weiss, pro se, appeals a final circuit court order dismissing her complaint against the appellees[1] for lack of prosecution. Although the case has been fully briefed and was initially scheduled for oral argument, we find that Weiss's arguments are unsupported by the record and are otherwise frivolous. Accordingly, we affirm the order below and we remove the case from the argument calendar.
Weiss commenced a lawsuit in the circuit court against the appellees in March 2000. The lawsuit claimed that federal and state process in prior Florida lawsuits was abused in proceedings to enforce a substantial judgment against Weiss in her home state of New York. Those claims were merely one more chapter in a series of bitter trust and estate disputes underway for over twenty years.[2]
In June 2000, the appellees moved to dismiss Weiss's lawsuit. She never set the matter for hearing. Each year, 2001-05, Weiss served a short request for admissions, *613 set of interrogatories, or request for the production of documents. No depositions were scheduled or taken. In 2006, Weiss filed a notice regarding appellee Arthur Courshon's death and a motion to substitute his personal representative as defendant. That motion was set for hearing in May 2006, but the scheduled hearing was adjourned and Weiss never reset it.
The circuit court docket indicates that a notice of dismissal for lack of prosecution was issued on October 25, 2007, with good cause to be shown before a January 25, 2008 hearing at 9:00 a.m. On January 16, 2008, Weiss overnight-mailed to the trial judge a letter stating that she was concerned that there was "the possibility of an order of dismissal for lack of prosecution being issued," that she had not received a notice to that effect, and that an unnamed attorney "checked the case file for the actual order or notice, but it was not in the file."[3] Her letter then argued that her case should not be dismissed because Arthur Courshon had passed away, his probate case had been transferred from the circuit court in Broward County to Miami-Dade County, and Weiss was "constitutionally entitled to direct personal notification of the last day by which to file a claim (concerning this suit) in the probate matter." Importantly, her arguments against dismissal for lack of prosecution concluded with a representation to the trial judge that if the hearing on the motion "is not sua sponte postponed or adjourned, I shall telephone Your Honor's Chambers at 9:00 a.m. on January 25th to be heard telephonically."
The trial court order dismissing Weiss's case is a form which includes a recitation that "no party opposing the motion to dismiss for lack of prosecution appeared as ordered and demonstrated the existence of the requisite record activity or that action had been stayed." The trial judge made an additional handwritten notation, "called at 9:25 to (631) 725-4486[4] no answer left msg [sic]dismissing case," which he initialed.
Following the entry of the order of dismissal, Weiss filed no motion for rehearing, no affidavit, and no other showing in the trial court intended to demonstrate good cause for the absence of record activity or to substantiate her claim that the notice to show cause never reached her. Weiss does not assert, under oath or otherwise, that she called the trial judge as she had represented she would. In this appeal, she provides a court reporter's unsworn letter regarding the court reporter's discussion with the trial judge's judicial assistant and indicating that Weiss's matter had not been called by 9:20 a.m. when the court reporter left.
We review the trial court's determinations regarding the state of the record (whether the court's form notice was mailed) and any purported showing of "good cause" under the abuse of discretion standard. Swait v. Swait, 958 So.2d 552, 553 (Fla. 4th DCA 2007). Once the periods of inactivity and conditions precedent in Florida Rule of Civil Procedure 1.420(e) have been established, the burden shifts to the non-moving party to show why the *614 case should not be dismissed. Sebree v. Schantz, Schatzman, Aaronson & Perlman, 963 So.2d 842, 846 (Fla. 3d DCA 2007) (citing Patton v. Kera Tech., Inc., 946 So.2d 983, 986 (Fla.2006)). "[U]nsworn allegations or arguments of counsel, standing alone, will not satisfy the plaintiff's burden...." Sebree, 963 So.2d at 846.
Neither the record below nor the briefs submitted here establish any explanation, much less "good cause," for the absence of record activity and Weiss's lack of diligence. Weiss's letter to the trial judge acknowledges both the prospect of a dismissal (in the absence of a sufficient showing of good cause) and the hearing on January 25. There is no indication that she called in as she had represented she would. The trial court noted that he attempted to call Weiss but she did not answer, so he left a message that he was dismissing the case.
Weiss's intemperate briefs in this case, as in prior cases, urge us to believe her and not the record. She expects this Court to believe, for example, that the circuit court clerk's office docketed a non-existent notice to show cause why the case should not be dismissed for failure to prosecute; that only the on-line docket, and not the notice itself, alerted her to correspond with the court (over a week before the hearing) and send a local attorney to review the court file for a docketed notice that was not in the file; that opposing counsel somehow tricked the trial judge's judicial assistant and a court reporter on the morning of the scheduled hearing; that a highly-respected trial judge made an incorrect notation on the order of dismissal regarding a telephone call to a number that Weiss supplied; and that, given another decade or so, Weiss might ultimately come to Florida to prosecute her inflammatory complaint launched so many years ago. Suffice it to say that none of these suggestions is grounded in the record.
As Judge Winifred Sharp noted several years ago in another case involving a "frequent applicant" to her court: "This case reminds me of my grandmother's final warning and admonition to me and my siblings as children, when we had exhausted her patience with our doings. `Enough is enough,' she would say. And that was the end of it."[5]
Affirmed.
NOTES
[1] Weiss's pending motion to substitute the personal representative of the estate of Arthur Courshon as an appellee (following Courshon's death in 2006) is granted.
[2] See Weiss v. Courshon, 768 So.2d 2 (Fla. 3d DCA 2000), and Weiss v. Berkett, 907 So.2d 1181 (Fla. 3d DCA 2005). The latter decision contains an opinion that observes that the appeal represented Weiss's fifteenth appearance before this Court, that Weiss is herself an attorney in New York, and that by the time (1989) she was forced to resign as trustee of the trust established by her late father, she had "mismanaged, plundered and litigated into bankruptcy the assets left by [her father] for the future of his widow and children." Weiss, 907 So.2d at 1184 (Shepherd, J., concurring in part, dissenting in part).
[3] Weiss's letter was docketed January 17, 2008. Weiss filed in this appeal a second motion to supplement the record, which we grant, to include her letter to the trial judge, a court reporter's letter, and another copy of the docket. Weiss also filed in this Court an affidavit from the attorney who reviewed the circuit court file as described in her letter. That attorney apparently never appeared at the January 25 hearing, and his affidavit was not submitted to the trial judge.
[4] This was the telephone number shown for Weiss at the top of her January 16, 2008, letter to the trial judge.
[5] Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).