W. J. McCRUM, Appellee, v. FRANZ E. RUBBERT, Appellant.

No. 42676.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Lew McDonald and Claud M. Smith, for appellant.

Archie R. Nelson and Alan Loth, for appellee.

EVANS, J.—The case is much more prolix in its facts than the above opening statement indicates. There is a multiplicity of points raised by the appellant, many of which are unimportant and none of which are meritorious in our judgment. The more important point in the controversy is as above stated, and we shall give our first attention thereto.

In 1918 Rubbert was the owner of 320 acres of land, which he had mortgaged for $16,000. He sold the land to McCrum for a price approximating $60,000. McCrum paid $19,000 in cash, and gave back a second mortgage for $25,000. The deed to McCrum provided that McCrum assumed the $16,000 mortgage. In 1923 Rubbert foreclosed the second mortgage against McCrum and bid in the mortgaged property at sheriff's sale, reserving, however, a deficiency judgment of $3,000. The second mortgage was made expressly subject to the first mortgage. The same provision was had in the decree of foreclosure. In the foreclosure of the second mortgage, a receiver was appointed, who took and maintained possession of the land during the year of redemption. Immediately following the execution sale under foreclosure of the second mortgage, Rubbert obtained a general execution under the deficiency judgment, and collected thereby $582.35. The receiver later collected from the crops of 1923 a net amount of $2,338.68. Two or three years later another general execution was obtained under which Rubbert collected $1,675.80. These collections in the main were applied, not upon the deficiency judgment, but upon the payment of taxes, including the taxes of 1924, and upon the payment of interest accruing and delinquent upon the

first mortgage. In 1928 certain supplemental proceedings were had in the original foreclosure case, wherein the parties litigated the question of the proper application of these collections. In that proceeding the court canceled the applications that had been made, and ordered that the collections be applied to the payment of the deficiency judgment. This left a substantial balance due to McCrum, plaintiff herein, and defendant in the foreclosure. McCrum brought this action to recover such balance. The principal defense set up by Rubbert was a counterclaim for the amount of the first mortgage and interest thereon, as already indicated. The trial court held that the counterclaim would not lie, and entered judgment upon a directed verdict for the plaintiff.

The ground upon which Rubbert, as appellant, stands, is that, when McCrum assumed payment of the $16,000 mortgage, he became primarily liable therefor as between him and his grantor. This contention may be conceded as sound. In avoidance of this position of appellant, it is contended by the appellee that, when Rubbert reacquired the land, he so reacquired it *subject* to the mortgage. His second mortgage so provided in terms. His foreclosure decree did likewise. He became thereby a grantee subject to the mortgage. The rule of law is well settled in most of our states that, where the grantee of land either assumes a mortgage, or takes subject thereto, the mortgaged land becomes primarily liable for the payment of the debt. In such a case the grantee, who buys subject to the mortgage, or who assumes the same, has a right to subject the mortgaged land to the payment of the debt. In such a case the original mortgagor may not ignore the mortgage and sue the grantee in a mere personal action. Cases on this subject are collated in 1 Jones on Mortgages, section 736; 3 Pomeroy, Equity (2 Ed.) section 1205. See, also, American Commercial Bank v. McCammond, 213 Iowa 957, 238 N. W. 77; 41 C. J. 720; 50 C. J. 246, 248, 267. Under the operation of this rule, McCrum did become responsible for the payment of the mortgage and personally liable for whatever deficiency should result from the insufficiency of the security. Under the operation of the same rule, Rubbert became liable to the same effect by his subsequent acquisition of the same land. He took his second mortgage and his decree in terms subject to the first mortgage. He thereby divested McCrum of all interest in the mortgaged property and as between him and McCrum acquired the full right to reassert his dominion over the mortgaged property. He thereby assumed the

same relation to the mortgage as any other purchaser at the execution sale would have assumed. He acquired no right to enforce upon his grantee a waiver of the mortgage security. The trial court properly so held. The foregoing is the principal controversy in the case.

We do not overlook other minor controversies which arose out of various defenses pleaded by Rubbert. For instance, under the execution issued in 1926, certain grain was levied upon as the property of McCrum. It is urged by the appellant that the ownership of such property by McCrum was not proved. The defense is untenable. The execution was levied upon the property as that of McCrum. It was levied upon while in the possession of McCrum. Its proceeds were paid over to the appellant to be applied upon the obligations of McCrum. It appears that the Bank of Aurelia had a mortgage lien upon the property. But the appellant chose to make the levy subject to the rights of the bank. The proceeds that came into the hands of the sheriff were first applied to the satisfaction of the lien held by the bank. The balance was paid to the appellant. Such balance is all that McCrum has sued for. We see nothing to be gained by a detailed consideration of the minor defenses urged by the appellant in the trial below. Sufficient to say that we have not overlooked them and that we find them wholly without merit. There is no substantial dispute upon the material facts. There is no plausible question of law presented other than the one we have above considered.

The judgment below is accordingly affirmed.

MITCHELL, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.