174 So.2d 48 (1965)
Elliot L. MILLER, Appellant,
v.
Manelous STAVROS, Trustee in Bankruptcy of Edward J. Kubay and Patricia Kubay, Appellees.
No. 64-864.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Rehearing Denied April 29, 1965.
Elliot L. Miller, Miami, in pro. per.
Robert H. Traurig, A.M. Schwitalla, and Robert B. Ely, Miami, for appellees.
Before CARROLL, HENDRY and SWANN, JJ.
*49 CARROLL, Judge.
This is an appeal by a purchaser at foreclosure sale from an order relating to disbursement of a resulting surplus.
The foreclosure was of a second mortgage. The final decree of foreclosure was entered on March 11, 1964 for $2,426.89. An ensuing bankruptcy proceeding involving the defendant mortgagor delayed foreclosure sale some four months.
The appellant Elliot L. Miller, not otherwise a party, was the successful bidder at the foreclosure sale held July 8, 1964. Certificate of title was issued to him on July 21, 1964. His bid of $3,025, left a surplus of $488.97. The sale was subject to the unpaid balance on a first mortgage. Shortly after the foreclosure sale Miller paid $302.30 on the first mortgage, representing amounts which fell due thereon for the months of April, May, June and July 1964, subsequent to the final decree prior to the foreclosure sale. Miller filed a motion for reimbursement of $302.30 out of the surplus, contending he was subrogated to the right of the second mortgagee therefor. However, the chancellor ordered disbursal of the surplus to the trustee in bankruptcy of the mortgagor, and Miller appealed.
At the outset we are met with the contention of the appellee that the appellant has no standing to appeal. The contention is not well founded. A purchaser at a mortgage foreclosure sale, who is not a named party in the cause, becomes a quasi party. 59 C.J.S. Mortgages § 754. Here, having presented a motion in the cause for relief growing out of his status as purchaser and being aggrieved by an adverse ruling thereon he was entitled to seek review by appeal. See 19 Fla.Jur., Judicial Sales § 40.
On the merits of the appeal, the appellant has failed to demonstrate reversible error. Amounts paid by the holder of the second mortgage to protect his security are properly included in a decree foreclosing the second mortgage. Waring v. O'Doniel, 102 Fla. 354, 135 So. 850, 853. Payments in reduction of an indebtedness on a prior mortgage, made by a foreclosure purchaser after decree and foreclosure sale, are not recoverable from the mortgagor. We hold, therefore, that the chancellor was eminently correct in denying the foreclosure purchaser's motion for reimbursement out of the surplus to which the mortgagor or his trustee in bankruptcy was entitled.
For the reasons stated the order appealed from should be and hereby is affirmed.
Affirmed.