368 So.2d 392 (1979)
Robert I. HORNE and S.C. Henderson & Sons, Inc., a Corporation, Appellants,
v.
Donald L. SMITH and Richard G. Moffett, Jr., Appellees.
No. KK-56.
District Court of Appeal of Florida, First District.
February 26, 1979.
Rehearing Denied March 28, 1979.
*393 S. Gordon Blalock, of Blalock, Holbrook & Akel, Jacksonville, for appellants.
William H. Jeter, Jr., of Adams & Adams, Steven A. Werber, of Corrigan, Werber & Moore, Barry L. Zisser, Jacksonville, for appellees.
MILLS, Acting Chief Judge.
Appellants (plaintiffs) brought suit against appellees (defendants) to foreclose a second mortgage on motel property. After the foreclosure sale, at which plaintiffs bid in the property, there was a deficiency. Plaintiffs then brought suit against the defendants seeking the deficiency due on the second mortgage note together with other sums plaintiffs contended defendants were obligated to pay because of their assumption of the first mortgage and ground lease on the property. After a nonjury trial, final judgment was entered for plaintiffs on the deficiency for $7,135 and against the plaintiffs for the other sums sought. This appeal followed.
The issues before us are:
1. Did the trial court err in reducing the amount of the deficiency which plaintiffs were seeking by giving defendants credit in an amount equal to the difference between the market value of the property and the balance due on the first mortgage at the time of foreclosure of the second mortgage? Yes, and we reverse.
2. Did the trial court err in finding that defendants were not liable for the taxes, first mortgage payments and ground lease payments paid by plaintiffs after foreclosure of the second mortgage and after plaintiffs reacquired the property at the foreclosure sale? No, and we affirm.
A motel was built on leased land. It was originally sold by plaintiffs or their predecessors in title approximately 15 years ago. Plaintiffs reacquired title to the property through foreclosure. Thereafter, plaintiffs executed a new first mortgage to Peninsular Life Insurance Company in the amount of $150,000. One month later plaintiffs sold the motel to defendants and conveyed by quitclaim deed. The deed provided that defendants assume and pay the Peninsular first mortgage and assigned all of plaintiffs' right, title and interest in the ground lease to defendants. As a portion of the purchase price, defendants gave plaintiffs a second mortgage. Both the first and second mortgages required that taxes be paid to prevent default.
Defendants failed to pay the first mortgage, the second mortgage, the taxes and the ground lease payments. Following these defaults, plaintiffs instituted foreclosure proceedings on the second mortgage and alleged each of the defaults in that complaint. Final judgment was entered in that case on 10 December 1975 in the amount of $35,135. Plaintiffs bid the property in at the foreclosure sale with a bid of $18,000, leaving a deficiency of $17,135 under the final judgment. No deficiency judgment was ever entered in the foreclosure case.
After reacquiring title on 22 December 1975, plaintiffs paid $30,789 under the first mortgage, $16,495.29 for taxes for the years 1973-1976, and $22,930.38 under the ground lease for the years 1975-1977.
*394 While the law is clear that the entry of a deficiency is left to the sound judicial discretion of the court, this discretion has to be exercised within the limits of the proof and evidence and should not be arbitrary. Galloway v. Musgrave, 154 So.2d 846 (Fla.2d DCA 1963).
The trial court found that after plaintiffs foreclosed on their second mortgage there remained a deficiency of $17,135. The trial court did not award the plaintiffs the full $17,135, however, but gave defendants $10,000 credit on this figure by finding that the market value of the property at the time of the foreclosure sale was $155,245.46 and deducted the first mortgage of $145,245.46 from this figure. Apparently, the reasoning of the court was that plaintiffs acquired a $155,245.46 piece of property on which there was only owed $145,245.46 and thereby got a $10,000 accretion on the sale. This reasoning is not supported by the evidence, is fallacious and overlooks the fact that plaintiffs had $35,135 invested in the property and had to pay $18,000 of this sum for the privilege of acquiring the property at the foreclosure sale. In addition, plaintiffs had to pay large sums of money and penalties after acquiring the property because of defendants' prior default. The court erred. Plaintiffs, on the basis of the proof and evidence adduced at the trial, were entitled to a deficiency of $17,135.
Plaintiffs are precluded from recovering from defendants ground lease payments and taxes allegedly due under the second mortgage by the doctrine of res adjudicata. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952).
None of the payments made by plaintiffs were made until after plaintiffs foreclosed the second mortgage and reacquired title to the property. The defaults on these payments by defendants formed the basis for the plaintiffs' complaint to foreclose the second mortgage and were simply not proven by plaintiffs or made a part of their final judgment foreclosing the second mortgage. Plaintiffs may not now be heard to litigate matters which should have been raised in the prior foreclosure action.
Plaintiffs argue that even if their rights under the second mortgage have been determined and are subject to the doctrine of res adjudicate, the obligation of defendants to pay the taxes under the first mortgage continues to exist as does the obligation to make ground lease payments. However, plaintiffs by bidding in at the foreclosure sale, reacquired title to the mortgaged property prior to making the complained of payments. As a result, plaintiffs may not recover any payment they made to relieve their own property from a lien subject to which they took title. When plaintiffs repurchased the property at the foreclosure sale, plaintiffs acquired title subject to the first mortgage. A purchaser at a mortgage foreclosure sale is presumed to have made allowances for prior liens in making his bid. In Miller v. Stavros, 174 So.2d 48 (Fla.3d DCA 1965), the court held:
"Amounts paid by the holder of a second mortgage to protect his security are properly included in a decree foreclosing the second mortgage... . Payments in reduction of an indebtedness on a prior mortgage, made by foreclosure purchaser after decree and foreclosure sale, are not recoverable from the mortgagor."
The same law applies in connection with property taxes and with payments due under the ground lease.
In a case similar to the case before us, the Supreme Court of Iowa ruled that a grantee of mortgaged land who assumes the first mortgage cannot be held liable to his grantor in a personal action for the amount paid by the grantor to discharge the first mortgage after the grantor had reacquired title to the land by foreclosure of a second mortgage. The court stated that:
"The rule of law is well settled in most of our states that, where the grantee of land either assumes a mortgage, or takes subject thereto, the mortgaged land becomes primarily liable for the payment of the debt. In such a case the grantee, who *395 buys subject to the mortgage, or who assumes the same, has a right to subject the mortgaged land to the payment of the debt. In such a case the original mortgagor may not ignore the mortgage and sue the grantee in a mere personal action." McCrum v. Rubbert, 219 Iowa 454, 257 N.W. 766, 97 A.L.R. 1073 (1934).
We agree with the trial court's statement in its final judgment:
"The effect of Plaintiffs' position is that they can own and operate the motel, receive and pocket any income and profits and, yet, look to Defendants for payment of the first mortgage, ground lease and taxes encumbering their property without ever applying the security (property) to the payment thereof. Such a result appears to be contrary to the law and certainly defies reason and logic."
The final judgment appealed is reversed in part and affirmed in part.
SMITH, J., and MITCHELL, HENRY CLAY, Associate Judge, concur.