382 So.2d 156 (1980)
Marvin M. PATRON et al., Appellant,
v.
AMERICAN NATIONAL BANK OF JACKSONVILLE, Appellee.
No. NN-331/T1-79.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
*157 Dudley D. Allen of Milam & Wilbur, Jacksonville, for appellant.
Dale K. Bohner of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A., Daytona Beach, for appellee.
COBB, Judge.
This appeal concerns a dispute between mortgagors and the mortgagee, the purchaser at foreclosure sale, regarding entitlement to a remaining balance of receivership funds. The trial court ordered this fund disbursed to the mortgagee to be applied against unpaid realty taxes. We reverse.
This foreclosure commenced in 1977, at which time the court appointed a receiver, who was ordered, inter alia, to collect rentals and pay expenses and taxes. In September, 1978, a partial summary judgment of foreclosure found certain sums to be due and owing by mortgagors to mortgagee, but there was no mention of the 1978 real property taxes. On October 9, 1978, a summary final judgment set forth the total sum due mortgagee and set a sale date of November 10, 1978; again, there was no mention of the 1978 real property taxes. On October 23, 1978, the trial court ordered the receiver to turn over to the mortgagee $18,502.54 in receivership funds and reduced the amount of the final judgment by that amount. On November 10, 1978, the property was sold at foreclosure sale to the mortgagee for the full amount of the judgment as reduced by the one disbursement.
*158 Pursuant to petition filed by the receiver, the court held an evidentiary hearing on February 1, 1979, to determine disbursement of a net $8,144.16 left in receivership funds.[1] At that time, there were outstanding real property taxes due on the foreclosed property in the amount of $17,131.81, which were subsequently paid on February 22, 1979, by the mortgagee.
The trial court, in the order here appealed, directed the receiver to pay, after payment of attorney and receiver fees, the 1978 taxes or reimburse any third party who paid those taxes. The appellants contend the mortgagee should pay them that portion of the receivership funds attributable to operation of the property prior to November 10, 1978.
A mortgagee who bids the full amount of its final judgment at the foreclosure sale, purchasing the foreclosed property, satisfies its judgment in full. Provident National Bank v. Thunderbird Associates, 364 So.2d 790 (Fla. 1st DCA 1978); see also, City of Sanford v. Ashton, 131 Fla. 759, 179 So. 765 (1938). Ordinarily, a purchaser at judicial sale takes title subject to any liens and encumbrances, including taxes accruing prior to the consummation of the sale. See 19 Fla.Jur. Judicial Sales §§ 33 and 37 (1958). It has been held that payments made to reduce indebtedness on a prior mortgage by a foreclosure purchaser cannot be recovered by the purchaser from the mortgagor. Horne v. Smith, 368 So.2d 392 (Fla. 1st DCA 1979); Provident National Bank v. Thunderbird Associates, supra; Miller v. Stavros, 174 So.2d 48 (Fla. 3d DCA 1965). The mortgagee purchaser could have considered the outstanding tax lien on the property at the time of sale and reduced its bid commensurately, but did not do so. It could have paid the taxes between November 1 and November 10 and obtained an amended judgment adding the amount paid to the mortgage balance due, but did not do so. See Hillsborough Inv. Co. v. city of Tampa, 149 Fla. 7, 5 So.2d 256 (1941).
The only duty of the receiver was to protect the property from being seized for non-payment of taxes, rather than to pay real property taxes as they become due. See Gibson v. Central Farmers' Trust Co., 116 Fla. 295, 156 So. 714 (1934). There was no danger of the property being sold for delinquent taxes prior to the foreclosure sale on November 10, 1978; therefore, there was no duty on the part of the receiver to pay at that time. Once the foreclosed property was sold, the receiver's duty to protect it was transferred to the successful purchaser. In the instant case, it was the trial court's order of October 23, 1978, prompted by the mortgagee's motion, which so depleted the receivership funds that payment of the real property taxes when they became due was impossible.
The summary final judgment in the mortgagee's favor included all of its claims on the delinquent loan. That judgment and those claims were satisfied when the mortgagee used the sum due it to buy the property. At the time of that purchase, the property was encumbered by taxes and the mortgagee, with that knowledge, bid the full amount of its judgment. The bargain the mortgagee made by its successful bid was to give up its entire judgment for the property as encumbered. It was error for the trial court to enhance that bargain by forcing someone other than the purchaser at sale to pay the taxes it voluntarily assumed.
Accordingly, paragraph 6 of the order of the trial court dated March 14, 1979, is reversed, and this case is remanded to the lower court with directions to enter an order directing the American National Bank of Jacksonville, the mortgagee, to return the $7,159.75 to the trial court for proper disbursement to Marvin M. Patron and Simon Konover, the mortgagors.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] Of this amount, $7,159.75 was attributable to operation of the property prior to November 10, 1978; $984.41 was attributable to operation after the foreclosure sale.