PER CURIAM.
“Payments in reduction of an indebtedness on a prior mortgage, made by foreclosure purchaser after decree and foreclosure sale, are not recoverable from the mortgagor.” Miller v. Stavros, 174 So.2d 48 (Fla. 3d DCA 1965);[1] see Patron v. American Nat’l Bank of Jacksonville, 382 So.2d 156 (Fla. 5th DCA 1980); Horne v. Smith, 368 So.2d 392 (Fla. 1st DCA 1979); Provident Nat’l Bank v. Thunderbird Assoc., 364 So.2d 790 (Fla. 1st DCA 1978). We therefore reverse the final judgment. Reversed and remanded.

. The trial court attempted to distinguish Miller v. Stavros, 174 So.2d 48 (Fla. 3d DCA 1965), on the ground that the purchaser in this case was a party to the foreclosure action while the successful bidder in Miller was a stranger to the action. The final judgment states “[t]his is not a situation where a bidder, who was not otherwise a party acquired property at a foreclosure sale and was prevented from recovering sums which he paid on a prior mortgage after the sale." That the purchaser in this case is a creditor does not distinguish Miller from the case before us. "When the judgment creditor purchases property at sheriffs sale under execution, ... he stands in the same position and acquires the same rights and protections which a stranger to the record would acquire by being the successful bidder and purchaser at such sale.” City of Sanford v. Ashton, 131 Fla. 759, 762-63, 179 So. 765, 767 (1938).