ANTOON, Judge.
In this mortgage foreclosure case the primary issue is whether the trial court erred in entering a deficiency judgment in favor of the mortgagees, Richard and Susan Hensch (Hensehes). The appellant, Warehouses of Florida, Inc. (Warehouses), contends that entry of the deficiency was error because the Hensehes bid the entire amount of the final judgment of foreclosure at the foreclosure sale. We agree and therefore reverse.
The Hensehes held a second mortgage on commercial property owned by Warehouses. When Warehouses defaulted on the mortgage by failing to make the required payments, the Hensehes filed an action to foreclose the mortgage. After a non-jury trial, the trial court determined that the Hensehes were entitled to relief as a matter of law, and awarded them a judgment of foreclosure which included the principal balance due on the note, accrued interest on the balance, costs, and attorneys’ fees, totaling $336,-343.91.
At the foreclosure sale which followed, the Hensehes were the sole bidders on the property. They purchased the property by bidding the entire amount of their judgment of foreclosure. Thereafter, they filed a petition for entry of a deficiency judgment. The trial court granted the petition. Included in the deficiency judgment were $44,271.85 in first mortgage payments made by the Hensehes to preclude foreclosure by the owner of the first mortgage; $14,375.02 in delinquent 1992 property taxes; $9,733.00 in prorated 1993 property taxes; and $8,500.00, representing a security deposit paid to Warehouses by a tenant during Warehouses’ possession by a tenant. The trial court added these sums to the balance due on the first mortgage and the foreclosure judgment. The court then subtracted that total from a fair market value of $700,000.00 to arrive at $139,037.20, the amount of the deficiency judgment.
In support of their contention that they are entitled to the deficiency judgment, the Hensehes cite section 45.031(8), Florida Statutes (1991), which provides in pertinent part:
If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by the courts as one of the factors in determining a deficiency under the usual equitable principals.
The Hensehes contend that this provision authorizes a trial court to consider awarding a deficiency judgment even in those cases where the mortgagee bids the full amount of the judgment obtained in the foreclosure suit. They argue that they are entitled to a deficiency decree even though they bid the entire amount of the judgment at the foreclosure sale because the amount of the bid is merely one of the factors to be considered. This argument is premised on the Hensehes’ *887 view that they bid too much at the foreclosure sale.
The issue of whether a mortgagee who purchases property at a foreclosure sale by bidding the entire amount of the judgment was first addressed in Provident National Bank v. Thunderbird Associates, 364 So.2d 790 (Fla. 1st DCA 1978). Provident National, the second mortgagee, obtained a judgment against Thunderbird, the mortgagor, in a foreclosure action and bid the entire amount of that judgment to purchase the property at the foreclosure sale. The court upheld the trial court’s finding that, once the amount owed on the mortgage and note was determined by the final judgment of foreclosure, Provident National was entitled to a deficiency only to the extent that the amount of the judgment exceeded the sale price at foreclosure sale. Id. at 795-797. It thus followed that, since Provident National bid the entire amount of the judgment, there could be no deficiency decree in its favor. Like the Hensches, Provident had made payments on the first mortgage to avoid default on the first mortgage, and the terms of the second mortgage secured these payments. The first district agreed with the trial court that, since the payments were not included in the final judgment of foreclosure, they could not form the basis of a deficiency judgment. Id. at 796. This has been the law in Florida ever since.
In Patron v. American National Bank of Jacksonville, 382 So.2d 156 (Fla. 5th DCA 1980), this court, citing Provident with approval, held that because the mortgaged property was sold at foreclosure sale to the mortgagee for the full amount of the final judgment of foreclosure, the judgment was satisfied in full. The court reasoned that the mortgagee, having elected not to reduce its bid by the amount of the delinquent property taxes, assumed responsibility for the taxes. “The bargain the mortgagee made by its successful bid was to give up its entire judgment for the property as encumbered. It was error for the trial court to enhance that bargain by forcing someone other than the purchaser to be responsible for the taxes.” Id. at 158.
The Hensches suggest that First Union National Bank of Florida v. Goodwin Beach Partnership, 644 So.2d 1361 (Fla. 5th DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995), supports the entry of a deficiency judgment because, in that case, the majority concluded that delinquent taxes could be considered when determining the fair market value of the property for purposes of calculating a deficiency. We conclude that there is no conflict between Patron and Goodwin in this regard. In Goodwin, the mortgagee did not purchase the mortgaged property by bidding the entire amount of its final judgment of foreclosure, but rather, the mortgagee bid a token amount of $1,000. Judge Cobb, writing for the majority, clearly explained the distinction:
The case of Patron ... has no applicability to the instant issue for the simple reason that it involved a mortgagee’s purchase of property at foreclosure sale for the full amount of its final judgment, thereby satisfying that judgment in full. Hence, no deficiency was possible.
644 So.2d at 1367, n. 1.
Thus, the established law in this district is that when a mortgagee purchases the foreclosed property by bidding the full amount of the final judgment of foreclosure, the mortgagee’s judgment is satisfied in full and a deficiency judgment is not possible. This principle makes sense. No other purchaser could purchase the property at a foreclosure sale and later claim that delinquent taxes, payments on other mortgages, or tenants’ deposits should be included in a judgment against the mortgagor. Why should the mortgagee have such an advantage? See Hatton v. Barnett Bank of Palm Beach County, 550 So.2d 65 (Fla. 2d DCA 1989). The deficiency judgment is vacated.
VACATED.
GOSHORN and GRIFFIN, JJ., concur.