PER CURIAM.
Technical Chemical and Products, Inc. (“TCPI”) appeals the denial of its motion to intervene in post-judgment proceedings that resulted from a suit involving appel-lees, Porchester Holdings, John Faro, P.A. and John Faro. Because we find that the trial court abused its discretion in denying appellant’s post-judgment motion to intervene, we reverse.
On May 16, 1994, the trial court entered a judgment awarding Porchester Holdings, Inc. $192,000.00 pursuant to a jury verdict. The judgment remained unsatisfied, and in November 1997 Faro began negotiations with Porchester to satisfy the judgment. On May 2, 1998, Porchester assigned the judgment to TCPI. On May 30, 1998, Faro filed a motion to enforce an unsigned settlement agreement, which purported to settle the unsatisfied final judgment for $15,000. On July 31, 1998, TCPI filed a motion to intervene alleging that it had an interest in the litigation as the holder of the Porchester judgment. The trial court denied the motion to intervene, finding that it was untimely because it was filed subsequent to entry of the final judgment.
Florida Rule of Civil Procedure 1.230 provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
Intervention is permitted for a party claiming an interest in “pending litigation,” and, thus, the right to intervene is limited after a final decree has been entered. Generally, “it is too late to apply for intervention after final decree has been entered.” Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751, 752 (Fla. 1956); In the Interest of M.L.M., 528 So.2d 54 (Fla. 1st DCA 1988); De Anza Corp. v. Hollywood Estates Homeowners Ass’n, 443 So.2d 462 (Fla. 4th DCA 1984). Cf. Provident Life and Accident Ins. Co. v. Prichard, 636 So.2d 731 (Fla. 4th DCA 1993) (we addressed the harsh rule against post-judgment intervention when the post-judgment efforts of the plaintiff and defendant to delete an award threaten a third party’s interest).
TCPI argues that it should have been allowed to intervene because it could not have asserted an interest in the subject matter of the litigation before the final judgment, as the assignment occurred four years after entry of the judgment. It claims that as the owner of the Porchester judgment and the real party in interest, it should be allowed to oppose Faro’s motion to enforce the unsigned settlement agreement. We agree.
The general rule against post-judgment intervention is inapplicable to these facts because TCPI was not attacking the merits of the judgment, but, rather, was defending its proprietary and pecuniary *1092 interest in the Porchester ■ judgment in supplementary proceedings. Therefore, we reverse the denial of TCPI’s motion to intervene and remand for further proceedings.
REVERSED and REMANDED for proceedings consistent with this opinion.
FARMER, KLEIN and TAYLOR, JJ., concur.