SALTER, J.
Attorney Douglas D. Stratton (representing himself), his former law firm, and his client David Lesman, appeal a final judgment awarding attorney’s fees and costs as sanctions against each of them for frivolous and dilatory actions during the last phase of a foreclosure case. In the main appeal, we affirm the legal basis for the sanctions and the total amount awarded. In the cross-appeal, The Wilson-Si-mons Revocable Trust asks us to reallocate the attorney’s fees and costs awards under section 57.105(1), Florida Statutes (2010), so that Lesman and Stratton will each be liable for one-half of the total. The Trust’s claim is well taken, and we therefore reverse the trial court’s allocation in the final judgment. We remand the ‘case so that an amended final judgment may be entered against Lesman and Strat-ton severally, each for one-half of the total sanctions awarded.
I. Facts and Procedural History
U.S. Century Bank commenced a mortgage foreclosure action against 6000 Indian Creek, LLC, in 2009. The mortgage secured an indebtedness of $1,500,000, and it encumbered two condominium units. David Lesman was identified and served as a defendant/tenant of one of the units. The final judgment of foreclosure, entered in April 2010, terminated any rights of possession on the part of Lesman “subject to the provisions of the ‘Protecting Tenants at Foreclosure Act of 2009.’ ”[1] In the final judgment, the court retained jurisdiction “to enter further orders that are proper, including without limitation, writs of possession and deficiency judgments.” The final judgment did not vacate or supersede another order governing the collection and remittance of rent on the unit occupied by Lesman.
U.S. Century was the prevailing bidder at the foreclosure sale. The certificate of title was issued in September 2010. Three weeks later, The Wilson-Simons Revocable Trust bought the condominiums from U.S. Century and was issued a deed conveying title and all rights in the property to the Trust. The Trust then moved to enforce the existing rent order and the rights of possession established via the final judgment, but did not file a formal motion for intervention. Lesman, through the law firm of Stratton & Feinstein, P.A., attended the hearing on the motion and sought and obtained an order denying the Trust’s motion for immediate possession. The order protected Lesman’s tenancy through the end of December 2010 so long as he deposited the stipulated rent into the registry of the court.[2] Lesman made the first payment on time, a second payment later, and failed to make the December 2010 payment until much later. Lesman and his lawyers raised no jurisdictional or procedural impediment to the entry of the order protecting Lesman’s tenancy.
After that order was entered, the Trust discovered that Lesman had allowed four persons to occupy the unit without a written lease or condominium association approval, contrary to the requirements of the condominium rules and Lesman’s own lease, and that Lesman had not complied with the circuit court’s rent order. Les-man and the occupants refused to turn over the condominium unit to the Trust. *336 The Trust then commenced a county court eviction action against the occupants. The occupants, though essentially squatters at that point, were also represented by Douglas Stratton and Stratton & Feinstein, P.A., which obtained a dismissal of the county court complaint because of the Trust’s difficulties in serving the occupants.
The Trust then moved the circuit court to enforce the earlier orders and to impose sanctions under section 57.105, Florida Statutes (2010), against Lesman, attorney Douglas Stratton, and Stratton & Fein-stein, P.A. (by this time, Stratton & Roman, P.A.). The circuit court conducted one hearing regarding the rent in the registry and the amounts unpaid by Lesman, and a second, separate, evidentiary hearing relating to the sanctions. Following the second hearing, the trial court entered a final judgment awarding attorney’s fees and costs to the Trust. This appeal and cross-appeal followed.
II. Analysis
A. Subject Matter Jurisdiction
The Trust became an intervenor[3] when it sought to enforce the rents order and the provision terminating Lesman’s rights of possession. Lesman, through Stratton & Feinstein, P.A., assented to the intervention by requesting and obtaining affirmative relief — an order extending occupancy through the end of the year conditioned upon Lesman’s payment of rent. Rule 1.230 permits intervention “at any time” the action is pending, and the case below had not been closed. No appeal had been taken, the circuit court had expressly retained jurisdiction over the case, and the order pertaining to the payment of rent had not been vacated.
Although the right to intervene attenuates toward the end of a case, even post-judgment intervention has been allowed in appropriate cases. Technical Chems. & Prods., Inc. v. Porchester Holdings, Inc., 748 So.2d 1090 (Fla. 4th DCA 2000). This is such a case. The circuit court had retained personal jurisdiction over Les-man, a defendant, and had subject matter jurisdiction to interpret and enforce its order on rent[4] — an order granting partial relief to Lesman, as affirmatively requested by him after the Trust acquired title and sought possession. Neither the circuit court nor this Court should countenance legal tactics gaming the system, violating court orders, and frivolously protracting the judicial proceedings involving foreclosed property.
Stratton and his law firm do not argue that they had any meritorious basis upon which to extend the possession of the unit by Lesman and the four persons he put in possession in violation of his lease, the circuit court order, and the condominium requirements. Instead, the appellants argue that the circuit court lost jurisdiction upon issuance of the certificate of title and U.S. Century’s sale of the property to the Trust. But such an argument is actually an objection to the Trust’s standing, not to the court’s subject matter jurisdiction. The issue of standing is an affirmative defense that can be waived, as the appellants did when they sought and obtained relief from the circuit court after judg *337 ment. They did not appeal the order granting Lesman continued occupancy subject to compliance with conditions; instead, they appealed after violating the order and thus incurring monetary sanctions.
Even if the defense had not been waived by the appellants, at least one authority has concluded that an assignee of the purchaser[5] at a foreclosure sale also has standing to seek a writ of possession. “The purchaser of the property at a judicial sale is entitled to move for a writ of possession even though not a party to the action. An assignee of the purchaser is entitled to move for a writ.” Henry P. Trawick, Jr., Florida Practice and Procedure § 27:5 (2011 ed.) (citing Fla. R. Civ. P. 1.590 and McLane v. Piaggio, 24 Fla. 71, 3 So. 823 (1888)). The “Author’s Comment — 1967” to Rule 1.590 states: “A court may make an order in favor of one not a party. An example of this arises where a foreclosure or other judicial sale is made and the court then orders the property delivered to the purchaser or his as-signee.”
For these reasons, we reject the appellants’ argument that the circuit court lacked jurisdiction.
B. Fees and Costs Under Section 57.105
The appellants next argue that, even if jurisdiction existed, the trial court lacked a sufficient factual basis for the imposition of sanctions under section 57.105, Florida Statutes (2010). The circuit court found, however, that Lesman and his attorneys failed to comply with court orders and that Stratton protracted the proceedings in February 2011 by refusing to take actions-that would have resolved the issues (actions offered in a letter a few weeks before by Stratton’s partner). The court concluded that Stratton was responsible for the frivolous defenses asserted in Lesman’s name, and that he had a duty to advise his clients that they had no legal right to remain in the condominium unit. The appellants have not demonstrated that these findings and conclusions were erroneous in any respect, nor have they challenged the amounts of time or hourly rates admitted into evidence at the sanctions hearing.[6]
In the cross-appeal, however, the Trust argues that the sanctions were incorrectly allocated ($1,540 as to Stratton and his law firm, $25,150 as to Lesman). Section 57.105(1) shifts attorney’s fees and costs to “a losing party and the losing party’s attorney” in equal amounts when the court finds that a claim or defense was not supported by the material facts necessary to establish it, or that it would not be supported by applying then-existing law to those material facts. Section 57.105(2) shifts attorney’s fees and costs to a losing party (with no 50% allocation to the losing party’s attorney) when actions taken by the losing party were “taken primarily for the purpose of unreasonable delay.”
In the present case, the trial court specifically found that the Trust’s attorney’s fees and costs were incurred because of the frivolous legal positions taken by the appellants and the legal advice given by Douglas Stratton. In such a case, the sanctions award is “to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney” as specified by section 57.105(1). “Said another way, an attorney has a duty to refrain from advocacy, such as filing frivolous claims, which undermines or inter *338 feres with the functioning of the judicial system.” De Vaux v. Westwood Baptist Church, 953 So.2d 677, 684-85 (Fla. 1st DCA 2007). Accordingly, we reverse the awards insofar as the amounts allocated between Lesman and Stratton,[7] and we remand with instructions to enter the amended final judgment against Lesman and Stratton in equal amounts, i.e., $13,345 each.[8]
III. Conclusion
The Trust did not raise issues “entirely outside” those issues and orders decided and reserved for additional consideration after the final judgment was entered in the foreclosure action, a critical point in the various subject matter jurisdiction cases cited by the appellants. See, e.g., In re Estate of Hatcher v. Dodd, 439 So.2d 977, 980 (Fla. 3d DCA 1983) (quoting Fla. Power & Light Co. v. Canal Auth., 423 So.2d 421, 424-25 (Fla. 5th DCA 1982)). The Trust sought only to enforce those legal rights and remedies previously determined by the circuit court, and to address a remedy sought and obtained by Lesman, through Stratton and his law firm, in the same court and same action.
Section 57.105(1) was enacted to deter practices and legal advice of the sort displayed here. Florida Rule of Civil Procedure 1.010 imposes on parties and attorneys a duty to construe and apply the rules “to secure the just, speedy, and inexpensive determination of every action,” as opposed to the unfair, dilatory, and legal fee-enhancing actions of the appellants in this case.
Affirmed as to all issues on appeal; reversed and remanded, in the cross-appeal, for amendment of the final judgment as set forth in this opinion.

. Qualifying tenants are generally entitled to a written notice at least ninety days before a notice to vacate is issued. Pub. L. No. 1 ill-22, § 702, 123 Stat. 1632, 1660-61 (2009) (codified as amended at 12 U.S.C. § 5220 note (2010)).

. The appellants have not filed a transcript of the hearing at which they obtained the relief set forth in the order.

. Although the Trust apparently did not seek intervention pursuant to a separate motion citing Florida Rule of Civil Procedure 1.230, the appellees have not shown that the foreclosure suit was no longer "pending,” or that the Trust lacked "an interest” in the subject matter of the action.

. Trial courts retain the power to enforce prior court orders. Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 (Fla.2003).

. The standing of a non-party who has purchased a property at a foreclosure sale has long been recognized. Miller v. Stavros, 174 So.2d 48 (Fla. 3d DCA 1965).

. The trial court also addressed the factors to be considered in an award of attorney's fees as detailed in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).

. Because of the changes in membership and title of Stratton’s law firm, and because Strat-ton himself is the attorney who filed the pertinent pleadings and was found to have provided the sanctionable legal advice, the one-half allocable to Lesman's counsel is to be borne by Stratton individually.

. By separate order we are also granting the Trust’s motion for appellate attorney’s fees and costs, and remanding the case so that the amount may be set by the circuit court. Those further fees and costs should also be included in the total amounts of the amended final judgment.