EVANDER, J.
Ivan Lefkowitz appeals an order denying his motion to intervene post-judgment in a lawsuit brought by Quality Labor Management, LLC (“Quality”) against Truckare I of Jacksonville, LLC, Michelle Newton, and Brian Newton. In his motion to intervene, Lefkowitz asserted that he had a perfected security interest in certain property of the Newtons that was also the subject of charging orders obtained by Quality. We conclude that the trial court abused its discretion in denying the motion to intervene and, accordingly, reverse.
Quality filed its complaint against Truckare I and the Newtons on • December 3, 2013. Six days later, the trial court entered a stipulated final judgment of $450,000, in favor of Quality against the three defendants. Additionally, on that same day, the trial court entered four separate charging orders directed to the Newtons’ ownership interests in three limited partnerships and a limited liability company.[1]
*149 On December 12, 2013, Lefkowitz filed his motion to intervene. In his motion, Lefkowitz asserted that he had a significant interest in the proceedings because, in 2010, the Newtons pledged to Lefkowitz their ownership interests in the same collateral that was subject to the charging orders, as security for a $250,000 business loan from Lefkowitz. Lefkowitz further alleged that the Newtons executed assignments of their ownership interests in the collateral in favor of Lefkowitz pursuant to the terms of the pledge agreement, that the assignments were executed in blank to permit the automatic assignment of the collateral to Lefkowitz upon default, and that Lefkowitz had perfected his security in the collateral on September 9, 2010, by filing a UCC-1 financing statement.
Following an alleged default in payment, Lefkowitz filed a complaint against the Newtons in 2011 seeking to exercise his right to take ownership of the collateral, consistent with, the terms of the pledge agreement. That lawsuit was still pending at the time Lefkowitz filed his motion to intervene in the underlying action brought by Quality against the Newtons and Truc-kare I. Upon Lefkowitz’ appeal from the denial of his motion to intervene, this court granted his motion for an emergency stay, thereby precluding enforcement of the charging orders pending resolution of the instant appeal.
Regarding interventions, Florida Rule of Civil Procedure 1.230 provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
The right to intervene is limited after a final judgment has been entered. Technical Chems. & Prods., Inc. v. Porchester Holdings, Inc., 748 So.2d 1090, 1091 (Fla. 4th DCA 2000). Postjudgment intervention is, however, permitted when the ends of justice so require. Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751, 752 (Fla.1956) (holding that homeowners who purchased their property in reliance on zoning ordinance and upon fact that all property in zoning district would be maintained as residential property would be permitted, in the interest of justice, to intervene in order to appeal from final decree enjoining city from enforcing zoning restrictions and to present their defenses); Technical Chems., 748 So.2d at 1091-92 (holding that trial court erred in denying post-judgment motion to intervene where party that sought to intervene could not have asserted an interest in subject matter of litigation prior to entry of judgment); Humana Health Plans v. Lawton, 675 So.2d 1382, 1384-85 (Fla. 5th DCA 1996) (holding that health care provider had right to intervene in subscriber’s action against negligent tortfeasor to assert its statutory right to reimbursement for medical expenses and to be heard before distribution of judgment settlement proceeds).
In the instant case, the general rule against post-judgment intervention is inapplicable because Lefkowitz is not attacking the merits of Quality’s judgment, but rather is seeking to defend its interests in certain collateral. See Technical Chems., 748 So.2d at 1091-92. Additionally, as conceded by Quality, Lefkowitz did not *150 have grounds to intervene prior to the entry of judgment. It was only when Quality sought the issuance of the charging orders, directed to the collateral Lef-kowitz claimed to have a perfected security interest in, did Lefkowitz have a basis for intervention. Finally, if Lefkowitz can prove the allegations set forth in his motion to intervene, his interest in the collateral would take priority over Quality’s claim. See, e.g., Blosam Contractors, Inc. v. Luycx, 535 So.2d 352, 354 (Fla. 1st DCA 1988) (holding that prior perfected security interest in judgment debtor’s limited partnership interest had priority over charging lien obtained by judgment creditor).
Because the “ends of justice” require that Lefkowitz be afforded the opportunity to defend his interests in that property which is the subject of Quality’s charging orders, we reverse the trial court’s denial of Lefkowitz’ motion to intervene and remand for further proceedings.[2]
REVERSED and REMANDED.
ORFINGER and COHEN, JJ., concur.

. A charging order affords a judgment creditor access to a judgment debtor's rights to profits and distributions from a business entity- in which the debtor has an interest. See *149 Young v. Levy, 140 So.3d 1109 (Fla. 4th DCA 2014). Sections 608.433(5) and 620.1703(3), Florida Statutes (2013) provide, as a general rule, that a charging order is the exclusive remedy by which a creditor may satisfy a judgment from the debtor’s interest in a limited liability company or in a limited partnership, respectively.

. In doing so, we reject Quality’s argument that Lefkowitz’ failure to file a notice of lis pendens in his lawsuit against the Newtons would somehow cause him to lose his asserted status as the holder of a perfected security interest.