DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEON INVESTMENTS, LLC,**
Petitioner,

v.

**AFINA PALLADA, INC., ILYA TORCHINSKY,** and
**KSENIA KONDRATYUK,**
Respondents.

No. 4D20-281

[July 1, 2020]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE19006129 (25).

Joseph J. Huss, Cary A. Lubetsky and Benny A. Ortiz of Krinzman Huss Lubetsky Feldman & Hotte, Fort Lauderdale, for petitioner.

Aresh Alex Dehghani of Dehghani Law, P.A., Miami Lakes, for respondents.

WARNER, J.

After a final judgment of foreclosure was entered against Afina Pallada, Inc., the trial court granted a motion to intervene on behalf of the corporation's president. The judgment creditor petitions for writ of certiorari. We grant the petition and conclude that the court departed from the essential requirements of law in allowing post-judgment intervention.

Petitioner, Neon Investments Inc., filed a complaint to foreclose a mortgage on property owned by Afina, together with a notice of *lis pendens* on the property. The complaint also named Ilya Torchinsky, the vice president of Afina. It alleged a default under a promissory note and mortgage, signed by Torchinsky as vice president. The complaint was served on Afina's registered agent. Afina defaulted, and a final default judgment of foreclosure was entered. After final judgment, Afina and Torchinsky moved to set aside the default on the ground that Torchinsky

was not properly served. The motion did not claim improper service on Afina. The trial court denied the motion.

The property was sold at a judicial sale. Later, respondent Ksenia Kondratyuk filed a motion to intervene and vacate the final judgment, alleging that she was the president of Afina. Under the bylaws of the corporation she had the general power of management of the corporation, and the vice president Torchinsky did not. Kondratyuk also alleged that she was the president, chairman of the board of directors, and managing member of Vladsale LLC, an entity which owns all controlling shares of Afina. She sought intervention pursuant to Florida Rule of Civil Procedure 1.230, which provides:

> Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

She claimed that she was an "indispensable party with an interest in the above styled action." The trial court granted the motion, although it did not rule on that portion of the motion which sought to vacate the final judgment.[1]

Neon filed its petition for writ of certiorari, contending that this post-judgment intervention was a departure from the essential requirements of law. This order is subject to certiorari review. *See Fed. Nat'l Mortgage Ass'n v. Gallant*, 211 So. 3d 1055, 1057-58 (Fla. 4th DCA 2017). In *Gallant*, we also held that a post-judgment intervention in a foreclosure proceeding, which stayed the sale of the property pending the outcome of another lawsuit between the parties, was sufficient to show material harm not remediable on appeal. Similarly, we conclude that Neon suffers from irreparable harm, because the intervention seeks to vacate the final judgment and prevent any sale of the property while addressing other claims between the parties.

The trial court departed from the essential requirements of law by allowing this post-judgment intervention, where the purpose of the intervention was to attack the final judgment. Post-judgment intervention

---

[1] After this petition was filed, the trial court entered an order of clarification that its order of intervention did not vacate the final judgment. It did allow the filing of a counterclaim by Kondratyuk in which she sought invalidation of the mortgage as well as damages based upon various theories of recovery.

generally is not allowed, *see Dickinson v. Segal*, 219 So. 2d 435, 436 (Fla. 1969), and "this Court has strictly adhered to the general rule against intervention after final judgment."  *See Regency Highland Assocs. v. Regency Highland Condo. Ass'n, Inc.*, 405 So. 2d 788, 789 (Fla. 4th DCA 1981) (citation omitted).  Indeed, rule 1.230 allows intervention in *pending* litigation, not litigation which has already been concluded by final judgment. The cases which have allowed post-judgment intervention are those in which the merits of the underlying judgment are not being challenged.  *See e.g., Lefkowitz v. Quality Labor Mgmt., LLC*, 159 So. 3d 147 (Fla. 5th DCA 2014); *Tech. Chem. & Prods., Inc. v. Porchester Holdings, Inc.*, 748 So. 2d 1090, 1091 (Fla. 4th DCA 2000).

Kondratyuk claims that she should be allowed to intervene as an interested party, being the president, chairman of the board and controlling shareholder of Afina.  She alleges that Torchinsky, as vice president and as general counsel executed the note and mortgage, even though Torchinsky had no authority to do so on behalf of Afina.  In Kondratyuk's pleadings, she claims that Neon engaged in fraud with Torchinsky in the execution of the note and mortgage.  Kondratyuk also mentions that she did not learn of the foreclosure until after the final judgment was entered.  These facts, she claims, should allow her to intervene.  If, however, Neon has committed fraud, or if there was "mistake, inadvertence, surprise, or excusable neglect" in the entry of a default against Afina, then Afina can seek relief pursuant to Florida Rule of Civil Procedure 1.540(b).  Therefore, the corporation is not without a remedy.

For these reasons, we grant the petition and quash the order of intervention in these proceedings.  Our ruling is without prejudice to the corporate defendant to seek any authorized post-judgment relief pursuant to rule 1.540(b).

LEVINE, C.J., and CIKLIN, J., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

3