# Third District Court of Appeal
## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1337
Lower Tribunal No. 17-26221
_____


**Stephan J. Lawrence,**
Appellant,

vs.

**Marina Tower of Turnberry Isle Condominium Association, Inc., etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno-Schurr, Judge.

Stephan J. Lawrence, in proper person.

Tepps Treco, and William A. Treco (Plantation) for appellee Gibraltor Realty Holdings, LLC; Robert H. Yaffe, P.A., and Robert H. Yaffe, for appellee Marina Tower of Turnberry Isle Condominium Association, Inc.


Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

Pro se Appellant Stephan J. Lawrence appeals the trial court's award of attorney's fees pursuant to section 57.105, Florida Statutes, to Appellee Gibraltor Realty Holdings, LLC ("Gibraltor"), the third-party purchaser in the underlying foreclosure action. This Court reviews a trial court's order awarding attorney's fees under section 57.105 for an abuse of discretion. MC Liberty Express, Inc. v. All Points Services, Inc., 252 So. 3d 397, 402 (Fla. 3d DCA 2018).

Lawrence contends, first, that the trial court erred in granting sanctions pursuant to section 57.105 because such an award was barred by the law of the case doctrine based on a ruling by this Court denying a motion for appellate attorneys' fees pursuant to section 57.105 in one of Lawrence's prior appeals from the underlying foreclosure action. See Lawrence v. Marina Tower of Turnberry Isle Condo. Ass'n, Inc., 323 So. 3d 271, 273 (Fla. 3d DCA 2021). This argument is without merit. Our ruling in the prior appeal stemmed from Gibraltor's failure to serve the motion on Lawrence in accordance with the statute. Id. Our ruling, however, had no bearing on the separately filed section 57.105 motion filed with the trial court—which the record reflects was properly served and filed.

Lawrence next argues the trial court abused its discretion in its award to Gibraltor because Gibraltor was a non-party to the foreclosure proceeding.

2

While not a party in the first instance, Gibraltor, as third-party purchaser at a foreclosure sale, is a quasi-party with standing and does not need to formally intervene. See Stratton v. 6000 Indian Creek, LLC, 95 So. 3d 334, 337 n.5 (Fla. 3d DCA 2012) ("The standing of a non-party who has purchased a property at a foreclosure sale has long been recognized."); Miller v. Stavros, 174 So. 2d 48, 49 (Fla. 3d DCA 1965) ("A purchaser at a mortgage foreclosure sale, who is not a named party in the cause, becomes a quasi party."). As such, Gibraltor was entitled to recover attorney's fees under section 57.105.

Lawrence contends the trial court also abused its discretion in taxing the awards to Gibraltor against money previously posted by Lawrence into the court registry as a purported supersedes bond. As the trial court properly found, however, the purported supersedes bond posted by Lawrence was deposited into the court registry after the Final Judgment became final and there was no appeal pending. Accordingly, the trial court did not abuse its discretion in ordering that the awards to Gibraltor be paid from the money held in the court registry. Lawrence cites to no authority to support otherwise.

Finally, Lawrence contends that trial court's award of sanctions was premature because there remain open matters, including an arbitration proceeding. However, the record reflects that no open matters remain.

Specifically, as to the referenced arbitration proceeding, the record reflects Lawrence's petition for arbitration was dismissed for lack of jurisdiction and did not, as Lawrence alleges, result in any orders in Lawrence's favor.

Affirmed.