DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In re Guardianship of Theresa Marie Schiavo,

MARY SCHINDLER; BOBBY SCHINDLER;
and TERRI SCHIAVO LIFE & HOPE NETWORK,

Appellants,

v.

MICHAEL SCHIAVO,

Appellee.

No. 2D2025-0671

_____

April 8, 2026

Appeal from the Circuit Court for Pinellas County; Sherwood Coleman, Judge.

Jeremy D. Bailie of Weber, Crabb & Wein, P.A., Saint Petersburg, for Appellants.

Hamden H. Baskin, III, and Jeffrey A. Eisel of Baskin Eisel Rightmyer, Clearwater, for Appellee.

LUCAS, Chief Judge.

We need not recount the facts that gave rise to the guardianship of Theresa Schiavo decades ago or the publicity that ensued in the dispute between her husband, Michael Schiavo, and Ms. Schiavo's parents, Mary and Robert Schindler, over whether to terminate life prolonging

procedures for Ms. Schiavo. *See generally In re Guardianship of Schiavo*, 780 So. 2d 176 (Fla. 2d DCA 2001) (summarizing the events that led up to the appointment of Mr. Schiavo as Ms. Schiavo's guardian and affirming the circuit court's decision to withdraw life support under chapter 765, Florida Statutes); *see also In re Guardianship of Schiavo*, 916 So. 2d 814 (Fla. 2d DCA 2005) (summarizing postjudgment legislation and litigation following the circuit court's decision). Ms. Schiavo died in 2005 after her feeding tube was removed. All these years later, it remains a sad and tragic case.

The present appeal concerns the confidentiality of guardianship records that were filed during the course of that case. A public advocacy group formed in the wake of Ms. Schiavo's passing, the Terri Schiavo Life & Hope Network, along with Ms. Schiavo's brother, Bobby Schindler, filed a motion to intervene in Pinellas County Court case number 1990-0298, the long since closed guardianship proceeding. They wished to intervene in order to present a motion to unseal records that had been deemed confidential pursuant to section 744.3701, Florida Statutes (2005). Later on, Mary Schindler, Ms. Schiavo's mother, who had been a party to the original guardianship proceedings and intervened in a related case challenging the constitutionality of "Terri's Law," *see Schindler v. Schiavo*, 866 So. 2d 140 (Fla. 2d DCA 2004), joined in the motion to unseal.

The circuit court convened a hearing and issued an order denying both motions.[1] In its order, the court noted that intervention was a

---

[1] We should note here, the forty-three-page appendix the appellants have filed as a record for their appeal is quite limited. We do not have a copy of the transcript of the hearing below, nor the notice of hearing that precipitated it, nor any part of the docket from any of the prior guardianship proceedings. *Cf. Jackson v. Jackson*, 177 So. 3d 639, 641 (Fla. 2d DCA 2015) ("It is the appellant's burden to provide an adequate record."); *Ahmed v. Travelers Indem. Co.*, 516 So. 2d 40, 40 (Fla. 3d DCA

2

matter left to the court's discretion and that "intervention after final judgment is 'extraordinary and disfavored.' " (quoting *PS Cap., LLC v. Palm Springs Town Homes, LLC*, 9 So. 3d 643, 645 (Fla. 3d DCA 2009)). Although postjudgment intervention can be permitted if the "ends of justice" require it, the court found that the movants failed to meet that threshold. The "research and advocacy efforts" the movants wished to pursue did not justify intervention in a case that had concluded some twenty years earlier. The circuit court then denied the motion to unseal as moot. This appeal followed.

"This court reviews an order denying a motion to intervene for an abuse of discretion." *Hous. Specialty Co. v. Vaughn*, 261 So. 3d 607, 610 (Fla. 2d DCA 2018) (quoting *Harbor Specialty Ins. Co. v. Schwartz*, 932 So. 2d 383, 386 (Fla. 2d DCA 2006)). Similarly, showings of "good cause" are ordinarily reviewed for abuse of discretion. *See, e.g.*, *Weiss v. Est. of Courshon*, 990 So. 2d 611, 613 (Fla. 3d DCA 2008) ("We review the trial court's determinations regarding the state of the record . . . and any purported showing of 'good cause' under the abuse of discretion standard." (citing *Swait v. Swait*, 958 So. 2 552, 553 (Fla. 4th DCA 2007))). "[Judicial] discretion 'is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.' " *Johnson v. State*, 397 So. 3d 626, 639 (Fla. 2024) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

---

1987) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." (citing *Dade Cnty. Bd. of Pub. Instruction v. Foster*, 307 So. 2d 502 (Fla. 3d DCA 1975))).

There was no abuse of discretion here. Third-party intervention in the postjudgment context is, as the circuit court correctly noted, rare and disfavored. Indeed, the text of Florida Rule of Civil Procedure 1.230 ("Anyone claiming an interest *in pending litigation* may at any time be permitted to assert a right by intervention . . . ." (emphasis added)), would not seem to allow it all. There is, however, a narrow exception. As the Fourth District summarized in *Boca Development Associates v. Holiday City Civic Ass'n*, 411 So. 2d 343, 344 (Fla. 4th DCA 1982):

> With particular reference to attempts to intervene in the latter stages of litigation, the Supreme Court of Florida has adopted the almost universal rule that intervention will not be allowed after final judgment. *Dickinson v. Segal,* 219 So. 2d 435 (Fla. 1969). The court referred to *Wags Transportation System v. City of Miami Beach,* 88 So. 2d 751 (Fla. 1956), a case establishing an exception where intervention was "in the interests of justice," but declined "to extend it beyond the facts involved there." *Dickinson v. Segal,* supra at 438.
>
> More recently the Third District Court of Appeal has applied the general rule and refused to extend the exception. *Wong v. von Wersebe,* 365 So. 2d 429 (Fla. 3d DCA 1978).
>
> We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.

We agree. Although courts have occasionally permitted postjudgment intervention, the "needs of justice" required for such interventions have been narrowly construed, applying only to situations where there is a clear and adverse impact against a readily discernible interest belonging to the movant. *See, e.g., Wags Transp. Sys. v. City of Miami Beach,* 88 So. 2d 751, 751–52 (Fla. 1956) (permitting nonparty homeowner to intervene after a final judgment effectively rezoned the residential area they lived in for hotel development); *Lefkowitz v. Quality Lab. Mgmt., LLC,* 159 So. 3d 147, 148–50 (Fla. 5th DCA 2014) (holding

secured creditor who alleged priority interest in collateral could intervene in case where a different creditor had obtained a final judgment charging order of the same collateral); *Tech. Chems. & Prods., Inc. v. Porchester Holdings, Inc.*, 748 So. 2d 1090, 1091–92 (Fla. 4th DCA 2000) ("The general rule against post-judgment intervention is inapplicable to these facts because TCPI was not attacking the merits of the judgment, but, rather, was defending its proprietary and pecuniary interest in the Porchester judgment in supplementary proceedings.").

Here, the only justification Life & Hope Network and Mr. Schindler have offered is that they wish to see what is in the sealed guardianship records so that they can, perhaps, use whatever they might find in their public advocacy. We agree with the circuit court that that is an insufficient basis to permit intervention in a case that ended more than twenty years ago. The court was well within its discretion to deny their motion to intervene. Having properly denied those two movants' motion to intervene, their motion to unseal was likewise properly disposed of as moot.

But as to Ms. Schindler, the circuit court's finding of mootness would appear to be incorrect. Ms. Schindler had been a party to the original guardianship proceedings, and as such, she did not need to seek intervention. The denial of Life & Hope Network and Bobby Schindler's motion to intervene would not appear to have mooted the relief she sought, through joinder, in their motion to unseal. Nevertheless, the circuit court reached the correct result. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.").

The confidentiality afforded to the guardianship records in the original proceedings arose under section 744.3701.[2] Section 744.3701(1), Florida Statutes (2024), provides:

> Unless otherwise ordered by the court, *upon a showing of good cause,* an initial, annual, or final guardianship report or amendment thereto, or a court record relating to the settlement of a claim, is subject to inspection only by the court, the clerk or the clerk's representative, the guardian and the guardian's attorney, the guardian ad litem with regard to the settlement of the claim, the ward if he or she is at least 14 years of age and has not been determined to be totally incapacitated, the ward's attorney, the minor if he or she is at least 14 years of age, or the attorney representing the minor with regard to the minor's claim, or as otherwise provided by this chapter.

(Emphasis added.)

Ms. Schindler advanced no independent arguments apart from those that were raised in the motion to unseal. And those arguments—the lapse of time and the desire to do public advocacy on important issues—were essentially indistinguishable from the arguments that were made in the motion to intervene. The only real distinction between the two motions is whether "the needs of justice" warranted postjudgment intervention or whether "good cause" had been shown to override the statutory confidentiality of these guardianship records.

Viewed either way, the appellants' argued bases fell short of the mark. Certainly, the policy issues appellants wish to advocate are important to the appellants and to some portion of the general public, but that kind of inchoate, generalized public interest does not strike us

---

[2] *See also* Fla. R. Gen. Prac. & Jud. Admin. 2.420(c)(7) ("The following records of the judicial branch are confidential. . . . All records made confidential under the Florida and United States Constitutions and Florida and federal law . . . .").

as the kind of good cause that would satisfy section 744.3701(1) or justify disturbing the circuit court's discretionary decision. *See Fla. W. Realty Partners, LLC v. MDG Lake Trafford, LLC*, 975 So. 2d 479, 481 (Fla. 2d DCA 2007) (defining "good cause" as "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice" (alteration in original) (quoting *State v. Boyd*, 846 So. 2d 458, 460 (Fla. 2003))); *see also Williams v. State*, 415 So. 3d 168, 173 (Fla. 2025) ("Abuse of discretion is a 'highly deferential' standard of review, and 'we will not find an abuse of discretion unless the trial court makes a ruling which no reasonable judge would agree with.' " (quoting *Wells v. State*, 364 So. 3d 1005, 1013 (Fla. 2023))). To hold otherwise would invite the good cause exception the legislature allowed to swallow the confidentiality rule the legislature created.

Nor does the fact that Ms. Schiavo passed away many years ago diminish the importance of the confidentiality the legislature afforded her guardianship records. *Cf. Swidler & Berlin v. United States*, 524 U.S. 399, 407 (1998) (observing that posthumous disclosure of attorney-client communications "may be as feared as disclosure during the client's lifetime"); *Weaver v. Myers*, 229 So. 3d 1118, 1127 (Fla. 2017) ("[I]n all litigation contexts, a decedent does not retroactively lose and can maintain the constitutional right to privacy that may be invoked as a shield in all contexts . . . ."). Finally, and perhaps most glaringly, none of the appellants have ever explained why they waited nearly two decades after Ms. Schiavo's death before filing a motion to unseal her guardianship records. Their failure to address that pertinent question

7

would seem fatal to their argument that good cause justified unsealing these confidential documents.

In sum, the circuit court's decision was well within the bounds of judicial discretion. We affirm the court's order accordingly.

Affirmed.

NORTHCUTT and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.